982 So.2d 731 (2008)
James CLEMENTS, Appellant,
v.
Bobby B. ROSE and Maudeanna Rose, Appellees.
No. 1D06-6646.
District Court of Appeal of Florida, First District.
April 21, 2008.
Rehearing Denied May 30, 2008.
Brett A. Hastings, Ivania Perez, Thomas J. Fraser, Jr., and Crystal Ganpath of Reznicsek, Fraser & Hastings, P.A., Ponte Vedra Beach, for Appellant.
Sean C. Barber, Orange Park, for Appellees.
THOMAS, J.
Appellant appeals the trial court's order denying his motion for attorneys' fees filed pursuant to section 768.79, Florida Statutes (2007). Because the trial court erred by determining that Appellant's settlement proposal was ambiguous, we reverse the order denying attorneys' fees.
Appellant filed a lawsuit against Appellees after he was bitten by their dog, and he later offered to settle his lawsuit. The pertinent language of the settlement offer states:
5. TOTAL AMOUNT OF PROPOSAL: Seventy-Five Thousand and no/100 Dollars ($75,000.00), payable to Plaintiff, JAMES CLEMENTS; (Thirty-Seven Thousand Five Hundred and no/100 Dollars ($37,500.00) from Defendant, BOBBY B. ROSE, and Thirty-Seven Thousand Five Hundred and no/100 Dollars ($37,500.00) *732 from Defendant, MAUDEANNA ROSE.)
Appellees rejected Appellant's settlement offer. On December 14, 2005, a jury returned a verdict in favor of Appellant, and the court entered judgment against both Appellees, jointly and severally, for $120,000. Appellant then filed a motion seeking attorneys' fees and costs based on section 768.79, Florida Statutes, which awards attorneys' fees to a prevailing party whose settlement offer is rejected by the opposing party and the prevailing party is subsequently awarded an amount 25% greater than its proposed settlement amount.
The trial court denied Appellant's motion, reasoning that his settlement offer did not satisfy rule 1.442, Florida Rules of Civil Procedure, requiring that a joint offer state the amount and terms attributable to each party and state with particularity any relevant conditions. The trial court found that the proposal was ambiguous as to whether each Appellee could settle separately or whether the settlement offer required both Appellees' agreement. We find no such ambiguity.
When a party offers to settle with multiple parties at the same time, the joint proposal shall state the amount and terms attributable to each party. Fla. R. Civ. P. 1.442(c)(3). "Each defendant should be able to settle the suit knowing the extent of his or her financial responsibility." Lamb v. Matetzschk, 906 So.2d 1037, 1040 (Fla.2005). "If ambiguity within the proposal could reasonably affect the offeree's decision, the proposal will not satisfy the particularity requirement." State Farm Mut. Auto. Ins. Co. v. Nichols, 932 So.2d 1067, 1079 (Fla.2006). Rule 1.442 requires that a settlement offer be "sufficiently clear and definite to allow the offeree to make an informed decision without needing clarification." Id.
In the instant case, Appellant's settlement offer apportioned the amount each Appellee was responsible to pay, as required by rule 1.442(c)(3) and explained in Lamb, 906 So.2d at 1042 ("[T]he plain language of rule 1.442(c)(3) mandates that a joint proposal for settlement differentiate between the parties."). The settlement proposal is conditional upon both Appellees  who are, after all, husband and wife  accepting it and paying their respective portions. The offer is not ambiguous. Although it is conditional, the offer is as definite as it is within Appellant's power to make, because the condition depends not on Appellant's election, but on each Appellee's election. Rule 1.442 is designed to facilitate settlements, not to render settlement of a case impossible where there are multiple defendants.
Appellant's settlement offer satisfies the particularity requirement of rule 1.442. See Nichols, 932 So.2d at 1079 (stating that even some ambiguity will be tolerated if it does not reasonably affect the offeree's decision). Accordingly, we reverse the trial court's order denying Appellant's motion for attorneys' fees and remand for further proceedings.
REVERSED AND REMANDED.
BENTON, J., concurs; DAVIS, J., dissenting with opinion.
DAVIS, J., dissenting.
Because the trial court correctly determined that Appellant's proposal for settlement was ambiguous as to whether each Appellee could settle separately or whether the settlement offer required both parties' agreement in order to be acceptable to Appellant, I respectfully dissent.
I agree with the majority that paragraph five of the settlement offer satisfies the requirements of Florida Rule of Civil *733 Procedure 1.442 because it apportioned the amount of the settlement offer between Appellees. Lamb, 906 So.2d at 1040. However, Appellees never argued that this section of the proposal was ambiguous.
Contrary to the assertion in the majority opinion, the language at issue in this appeal is:
4. ANY RELEVANT CONDITIONS: Plaintiff will execute a Release releasing the Defendants, BOBBY B. ROSE, SR. and MAUDEANNA ROSE, and their insurer, with regard to any and all claims that arose as a result of the subject incident set forth in the Plaintiff's Amended Complaint and dismiss this lawsuit, with prejudice, as to Defendants, BOBBY B. ROSE, SR. and MAUDEANNA ROSE.
Florida Rule of Civil Procedure 1.442(c)(3) requires joint proposals to "state the amount and terms attributable to each party." (emphasis added). General releases are considered to be non-monetary terms under rule 1.442. Nichols, 932 So.2d at 1078-79. Because the offer of judgment statute and rule are in derogation of the common law, they must be strictly construed. Willis Shaw Express, Inc. v. Hilyer Sod, Inc., 849 So.2d 276, 278 (Fla. 2003). A strict construction of the language in rule 1.442(c)(3) requires the offeror to apportion a general release between multiple offerees. Lamb, 906 So.2d at 1042 ("The rule makes no distinction between multiple plaintiffs and multiple defendants, nor does it make any distinction based on the theory of liability."). The language in paragraph four of the proposal does not allow for only one of Appellees to be released from liability. Because the release portion of the proposal failed to meet the particularity requirements of the rule, I would affirm the trial court's order denying Appellant's motion for attorneys' fees.