36 So.3d 646 (2010)
ATTORNEYS' TITLE INSURANCE FUND, INC., Petitioner,
v.
Joseph W. GORKA, et al., Respondents.
No. SC08-1899.
Supreme Court of Florida.
April 1, 2010.
Rehearing Denied May 24, 2010.
*647 John H. Pelzer and David L. Boyette of Ruden, McClosky, Smith, Schuster and Russell, P.A., Fort Lauderdale, FL, for Petitioner.
Robert C. Widman of Morris and Widman, P.A., Venice, FL, for Respondent.
PER CURIAM.
This case is before the Court to review the decision of the Second District Court of Appeal in Attorneys' Title Insurance Fund, Inc. v. Gorka, 989 So.2d 1210 (Fla. 2d DCA 2008). The district court certified its decision to be in conflict with the decision of the First District Court of Appeal in Clements v. Rose, 982 So.2d 731 (Fla. 1st DCA 2008), with regard to the validity and enforceability of a joint offer or proposal of settlement that is conditioned on the mutual acceptance of all joint offerees. We have jurisdiction. See art. V, § 3(b)(4), Fla. Const. We hold that this type of joint offer is invalid and unenforceable because it is conditioned such that neither offeree can independently evaluate or settle his or her respective claim by accepting the proposal. Accordingly, we approve the well reasoned decision of the Second District and disapprove the decision of the First District to the extent it holds otherwise.

BACKGROUND
Joseph W. Gorka and Laurel Lee Larson (respondents) own property insured under a title insurance policy issued by Attorneys' Title Insurance Fund, Inc. (Attorneys' Title). See Attorneys' Title, 989 *648 So.2d at 1211-12. When Attorneys' Title allegedly refused to defend the respondents in a dispute with regard to the property, the respondents filed an action against the company seeking declaratory relief and damages for breach of contract. See id. at 1212. Before trial, Attorneys' Title served a proposal for settlement on the respondents pursuant to section 768.79, Florida Statutes (2004), and Florida Rule of Civil Procedure 1.442, which offered a payment of $12,500 to each party in full settlement of all claimed damages, attorneys' fees, and costs. See id.[1] However, the proposal stated:
This offer is conditioned upon the offer being accepted by both John W. Gorka and Laurel Lee Larson. In other words, the offer can only be accepted if both John W. Gorka and Laurel Lee Larson accept and neither Plaintiff can independently accept the offer without their co-plaintiff joining in the settlement.

(Emphasis supplied.) Neither respondent accepted the proposal. See id.
Following a bench trial, the court rendered a final judgment in favor of Attorneys' Title. See id. Subsequently, Attorneys' Title filed a motion to tax fees and costs against the respondents pursuant to the unaccepted proposal for settlement. See id. While the respondents sought review of the final judgment in the Second District Court of Appeal,[2] Attorneys' Title filed a motion with the Second District for appellate attorneys' fees pursuant to the unaccepted proposal for settlement. See 989 So.2d at 1212. The Second District remanded the fee issue to the trial court for a determination of whether Attorneys' Title was entitled to fees. See id.
The trial court concluded that the proposal was invalid and unenforceable based on the authority of Lamb v. Matetzschk, 906 So.2d 1037 (Fla.2005), because neither party was able to independently evaluate or accept the offer since the proposal demanded the mutual acceptance of both parties. Accordingly, the trial court entered orders denying the motions for attorneys' fees. The Second District affirmed the orders and held that the proposal for settlement was invalid and unenforceable because it was
conditioned upon both of them accepting the amounts offered and specifies that neither of them may independently accept the amount offered. By so conditioning the proposal, neither Gorka nor Larson could independently settle his or her respective claim by accepting the proposal. If one wished to accept but the other elected not to accept, the acceptance would not be effective. In this scenario, the offeree who wished to accept would be exposed to the fee sanction under section 768.79 and rule 1.442 due to the conduct of the other offeree rather than as a result of his or her independent decision to reject the proposal.
Id. at 1214. In so holding, the Second District certified conflict with Clements v. Rose, 982 So.2d 731 (Fla. 1st DCA 2008), to the extent that Clements held that joint offers conditioned on the mutual acceptance of all of the joint offerees are valid and enforceable. In Clements, the First *649 District held that a settlement offer to a husband and wife was not ambiguous as to whether the settlement offer was conditioned on both parties' agreement. See id. at 732.

ANALYSIS
The issue presented by the conflicting decisions is whether a joint offer of settlement or judgment that is conditioned on the mutual acceptance of all of the joint offerees is valid and enforceable. We approve the decision of the Second District Court of Appeal and hold that this type of joint offer is invalid and unenforceable because it is conditioned such that neither offeree can independently evaluate or settle his or her respective claim by accepting the proposal. The conditional nature of the offer divests each party of independent control of the decision to settle, thereby rendering the offer of judgment invalid and unenforceable.
As background to this analysis, section 768.79 generally creates a right to recover reasonable costs and attorney fees when a party has satisfied the terms of the statute and rule. See MGR Equipment Corp. v. Wilson Ice Enters., Inc., 731 So.2d 1262, 1263 (Fla.1999).[3] It provides a sanction against a party who unreasonably rejects a settlement offer. See Willis Shaw Express, Inc. v. Hilyer Sod, Inc., 849 So.2d 276, 278 (Fla.2003). Florida Rule of Civil Procedure 1.442[4] provides the method and means of implementing this right by outlining the required form and content of a proposal for settlement. See TGI Friday's Inc. v. Dvorak, 663 So.2d 606, 611 (Fla. 1995). An award of attorneys' fees is in derogation of the common law principle that each party pays its own attorneys' fees. This Court strictly construes the language of the statute and rule when reviewing the several requirements. See Willis Shaw, 849 So.2d at 278.
*650 The expected result of the attorneys' fee sanction was to reduce litigation costs and conserve judicial resources by encouraging the settlement of legal actions. See Sarkis v. Allstate Ins. Co., 863 So.2d 210, 218 (Fla.2003). The effect, however, has been in sharp contrast to the intended outcome because the statute and rule have seemingly increased litigation as parties dispute the respective validity and enforceability of these offers. See, e.g., Security Professionals, Inc. v. Segall, 685 So.2d 1381, 1384 (Fla. 4th DCA 1997) ("We regret that this case is just one more example of the offer of judgment statute causing a proliferation of litigation, rather than fostering its primary goal to `terminate all claims, end disputes, and obviate the need for further intervention of the judicial process.'") (quoting Unicare Health Facilities, Inc. v. Mort, 553 So.2d 159, 161 (Fla.1989)). For instance, since the implementation of the statute and rule, our courts have frequently been called upon to sort through creative proposals to establish definitive rules with regard to the validity of offers made to or from multiple parties. In these cases, we have drawn from the plain language of rule 1.442 the principle that to be valid and enforceable a joint offer must (1) state the amount and terms attributable to each party, and (2) state with particularity any relevant conditions. See Fla. R. Civ. P. 1.442(c)(3). A review of our precedent reveals that this principle inherently requires that an offer of judgment must be structured such that either offeree can independently evaluate and settle his or her respective claim by accepting the proposal irrespective of the other parties' decisions. Otherwise, a party's exposure to potential consequences from the litigation would be dependently interlocked with the decision of the other offerees.
First, in Allstate Indemnity Co. v. Hingson, 808 So.2d 197 (Fla.2002), we considered whether a former version of rule 1.442which did not use the specific language found in the current rule with regard to apportionment of terms to each partyrequired an offer of settlement made by a defendant to multiple plaintiffs to state the amount and terms attributable to each plaintiff. We held that the former rule also required differentiation based on the plain language and goals of the statute: "Each party who receive[s] an offer of settlement is entitled ... to evaluate the offer as it pertains to him or her." Id. at 199 (quoting C & S Chemicals, Inc. v. McDougald, 754 So.2d 795, 797-98 (Fla. 2d DCA 2000)). Reading the plain language of the statute, we recognized that the reference to "party" in the singular in section 768.79(2)(b) indicated the intent of the Legislature that an offer must specify the amount attributable to each party. See id. Moreover, we evaluated the practical necessity of differentiating between parties in an offer to provide the trial court a basis to correctly determine the amount attributable to each party when evaluating the amount of the final judgment against the settlement offer to apply the statute and rule. See id.
Next, in Willis Shaw Express, Inc. v. Hilyer Sod, Inc., 849 So.2d 276 (Fla.2003), two plaintiffs served a joint proposal to one defendant. In considering the undifferentiated joint proposal, we held that a strict construction of the plain language of rule 1.442(c)(3) required offers of judgment made by multiple offerors to apportion the amounts attributable to each offeror. See id. at 278-79.[5] Thereafter, in *651 Lamb v. Matetzschk, 906 So.2d 1037, 1041 (Fla.2005), this Court again reiterated that a joint proposal must state the amount and terms attributable to each party when the proposal is made to multiple parties. We held that an offer of settlement from one plaintiff to multiple defendants must differentiate between the parties, even when one of the defendants is alleged to be only vicariously liable. See id. at 1040. We established that "[e]ach defendant should be able to settle the suit knowing the extent of his or her financial responsibility." Id. Lamb instructs that an offer must be differentiated such that each party can unilaterally settle the action. Therefore, it is inherent that the offer of settlement cannot be conditioned on joint acceptance, which is the antithesis of a differentiated offer. Accordingly, Lamb directly contradicts the dissent's position that the plain language of rule 1.442 allows an offer of settlement conditioned on joint acceptance. Further, the dissent considers the language of rule 1.442 in a vacuum that completely disregards this Court's precedent interpreting the rule and statute.
We decline to ignore this precedent. The principles articulated in these decisions compel the result we reach today. As correctly summarized by the Second District, these cases demonstrate that "when a plaintiff serves a proposal of settlement to multiple defendants, each defendant is entitled to evaluate the proposal and `should be able to settle the suit knowing the extent of his or her financial responsibility.'" Attorneys' Title, 989 So.2d at 1213 (quoting Lamb, 906 So.2d at 1040). Conversely, a defendant must differentiate an offer of judgment or a proposal of settlement to multiple plaintiffs such that each party can independently evaluate and act upon the offer or proposal. See id. (quoting United Servs. Auto. Ass'n v. Behar, 752 So.2d 663, 665 (Fla. 2d DCA 2000)). Therefore, a proposal that conditions acceptance upon the mutual agreement of both parties and prohibits either party from independently evaluating and accepting the amount offered violates these principles.
To illustrate this tension, an offeree who desires to avoid exposure to the fee sanction is restrained from doing so without the agreement of the other party and is therefore forced to participate in litigation that could have been settled. Consequently, the offeree lacks independent control over the decision to settle and conclude the litigation. The dissent asserts that this lack of control is not a concern based on the flawed logic and false premise that a party could protect itself from future sanctions by filing a notice of acceptance of the offer that would never result in settlement. Under this flawed interpretation, an offeror could offer a substantial amount of money that is conditioned on an event entirely outside the independent control of the offerees that would never occur. In this way, the dissent would eliminate the aspect of independent control necessary to a proper interpretation of the rule and statute. Further, the dissent would alter the rule and statute such that a defendant could receive fees in every case with an impossible conditioned offer. The dissenting view is really a phantom offer that would never produce a settlement.
We decline to adopt this inconsistent and unsound interpretation of the rule and statute. A party wishing to accept an offer should not be prohibited from doing so and then subjected to costly litigation and possible sanctions under rule 1.442 merely because a condition cannot occur or another party chooses to not accept the *652 offer. An offer that cannot be unilaterally accepted to create a binding settlement is an illusory offer.
Moreover, although the current case involves only two plaintiffs with a personal relationship, the rule equally applies to scenarios with multiple parties absent a close personal or financial relationship. Conditioning an offer on the mutual acceptance of a large number of parties who may legitimately evaluate and value their claims differently from each other allows an offeror to abuse this situation and subject all parties to the threat of the sanction. See Tocwish v. Jablon, 183 F.R.D. 239, 241 (N.D.Ill.1998). The offeror can utilize the offer as a means to divide the offerees, thereby producing more litigation. These circumstances directly contradict the policy rationale underpinning the statute and rule as well as the principles outlined in our prior decisions.
Accordingly, we approve the decision of the Second District in Attorneys' Title Insurance Fund v. Gorka, 989 So.2d 1210 (Fla. 2d DCA 2008), and disapprove the decision of the First District in Clements v. Rose, 982 So.2d 731 (Fla. 1st DCA 2008), to the extent it holds otherwise.
It is so ordered.
PARIENTE, LEWIS, LABARGA, and PERRY, JJ., concur.
POLSTON, J., dissents with an opinion, in which QUINCE, C.J., and CANADY, J., concur.
POLSTON, J., dissenting.
The plain language of Florida Rule of Civil Procedure 1.442 allows an offer of settlement conditioned on joint acceptance. Accordingly, I would approve the First District Court of Appeal's decision in Clements v. Rose, 982 So.2d 731 (Fla. 1st DCA 2008), and quash the Second District Court of Appeal's decision in Attorneys' Title Insurance Fund, Inc. v. Gorka, 989 So.2d 1210 (Fla. 2d DCA 2008). I respectfully dissent.
Rule 1.442(c)(3) specifically provides: "A proposal may be made by or to any party or parties and by or to any combination of parties properly identified in the proposal. A joint proposal shall state the amount and terms attributable to each party." There is no prohibition against offers to multiple parties conditioned on joint acceptance within rule 1.442 or section 768.79, Florida Statutes. Rule 1.442 implements section 768.79, which was enacted by the Legislature for the purpose of encouraging settlements. See United Servs. Auto Ass'n v. Behar, 752 So.2d 663, 664 (Fla. 2d DCA 2000); see also MGR Equip. Corp. v. Wilson Ice Enters., 731 So.2d 1262, 1264 n. 2 (Fla.1999).
Here, the relevant portion of Fund's proposal to Gorka and Larson provided:
The total amount of the proposal, the relevant conditions of the proposal and the non-monetary terms of the proposal are as follows: Within 20 days of Plaintiffs John W. Gorka and Laurel Lee Larson, serving a notice of accepting this Proposal for Settlement, Defendant shall make a payment of $12,500.00 to Plaintiff, John W. Gorka, and a payment of $12,500.00 to Plaintiff, Laurel Lee Larson. Within 10 days of receiving the $12,500.00 payments, Plaintiffs John W. Gorka and Laurel Lee Larson shall file a Notice of Voluntary Dismissal with Prejudice of the above-captioned action. This offer is conditioned upon the offer being accepted by both John W. Gorka and Laurel Lee Larson. In other words, the offer can only be accepted if both John W. Gorka and Laurel Lee Larson accept and neither Plaintiff can independently accept the offer without *653 their co-plaintiff joining in the settlement.
Both Gorka and Larson are identified in the proposal, and there is no ambiguity as to the terms and amount applicable to Gorka and Larson. The terms are clear and addressed to Gorka and Larson individually. Therefore, the plain language of rule 1.442 is satisfied.
In Clements, 982 So.2d at 732, the First District properly relied upon the plain language of rule 1.442 to determine that Fund's settlement offer satisfied the rule:
In the instant case, Appellant's settlement offer apportioned the amount each Appellee was responsible to pay, as required by rule 1.442(c)(3) and explained in Lamb, 906 So.2d at 1042 ("[T]he plain language of rule 1.442(c)(3) mandates that a joint proposal for settlement differentiate between the parties."). The settlement proposal is conditional upon both Appelleeswho are, after all, husband and wifeaccepting it and paying their respective portions. The offer is not ambiguous. Although it is conditional, the offer is as definite as it is within Appellant's power to make, because the condition depends not on Appellant's election, but on each Appellee's election. Rule 1.442 is designed to facilitate settlements, not to render settlement of a case impossible where there are multiple defendants.
In contrast to relying on the plain language of rule 1.442, the Second District in Gorka relied on cases that are not applicable. Neither Lamb v. Matetzschk, 906 So.2d 1037 (Fla.2005), nor Behar addressed an offer that contained a condition requiring mutual acceptance by both the offerees. Rather, both Lamb and Behar addressed offers that failed to properly apportion amounts among the parties. See Lamb, 906 So.2d at 1038; Behar, 752 So.2d at 664. In Gorka, there is no argument that Fund's offer did not clearly state the amounts and terms applicable to each party. Fund's offer clearly apportions the amount among Gorka and Larson and specifies the terms. Each individual may evaluate the offer made to them, unlike Lamb and Behar.
Additionally, the Second District and the majority conclude that the offer conditioned on joint acceptance is invalid and unenforceable by reasoning that if one of the offerees wishes to settle, but the other does not, then the willing offeree could be forced to pay the opposing side's costs and fees. See Gorka, 989 So.2d at 1213; majority op. at 651. But a proper interpretation of how the rule and statute function demonstrates that this concern is misplaced.
Section 768.79(4) provides: "An offer shall be accepted by filing a written acceptance with the court within 30 days after service. Upon filing of both the offer and acceptance, the court has full jurisdiction to enforce the settlement agreement." Rule 1.442(f)(1) also states that a proposal may be "accepted by delivery of a written notice of acceptance within 30 days after service of the proposal." So, in this instance, the joint offeree who wished to settle would indicate his acceptance pursuant to the statute and rule by filing a written notice of acceptance. Because under the terms of the offer, both acceptances must be filed to constitute an enforceable agreement, the court would not have jurisdiction to enforce a settlement agreement under the statute. However, how the co-plaintiffs are treated for costs recovery is controlled by the statute.
Section 768.79(6)(a) provides for an award of reasonable costs "[i]f a defendant serves an offer which is not accepted by the plaintiff, and if the judgment obtained by the plaintiff is at least 25 percent less than the amount of the offer." In the *654 event a plaintiff accepts by filing the requisite notice of acceptance with the court, then there could be no recovery under the statute from that plaintiff. On the other hand, if a plaintiff does not file the requisite notice of acceptance, then the plaintiff who has not accepted is subject to the terms of the costs recovery statute.
To interpret these provisions any other way effectively eliminates the ability to make joint offers. In many instances, a party is motivated to settle an entire case with all parties because the litigation is expensive, distracting, and unpleasant. But if the case is going to continue, then there may be little incentive to partially settle. The only way then to settle these cases is to make joint offers conditioned on all accepting, as Fund did in this instance. This encourages settlement, consistent with the intent of the statute, and should be enforced by the Court as a valid condition of settlement.
I would approve the First District's decision in Clements and quash the Second District's decision in Gorka. Accordingly, I respectfully dissent.
QUINCE, C.J., and CANADY, J., concur.
NOTES
[1] The 2004 version of the statutes and rules of procedure are applicable to this decision. However, there has been no significant amendment to the statutes or the rules since 2004 with regard to the issue presented. Therefore, the law in this respect remains substantively unchanged.
[2] Gorka v. Attorneys' Title Ins. Fund, Inc., 944 So.2d 991 (Fla. 2d DCA 2006) (table decision) (affirming final judgment in favor of Attorneys' Title).
[3] Specifically, section 768.79 provides in part as follows:

(1) In any civil action for damages filed in the courts of this state, if a defendant files an offer of judgment which is not accepted by the plaintiff within 30 days, the defendant shall be entitled to recover reasonable costs and attorney's fees incurred by her or him or on the defendant's behalf pursuant to a policy of liability insurance or other contract from the date of filing of the offer if the judgment is one of no liability or the judgment obtained by the plaintiff is at least 25 percent less than such offer....
(2) ... An offer must:
(a) Be in writing and state that it is being made pursuant to this section.
(b) Name the party making it and the party to whom it is being made.
(c) State with particularity the amount offered to settle a claim for punitive damages, if any.
(d) State its total amount.
§ 768.79(1)-(2), Fla. Stat. (2004).
[4] Rule 1.442(c) provides in part:

(1) A proposal shall be in writing and shall identify the applicable Florida law under which it is being made.
(2) A proposal shall:
(A) name the party or parties making the proposal and the party or parties to whom the proposal is being made;
(B) identify the claim or claims the proposal is attempting to resolve;
(C) state with particularity any relevant conditions;
(D) state the total amount of the proposal and state with particularity all nonmonetary terms of the proposal;
(E) state with particularity the amount proposed to settle a claim for punitive damages, if any;
(F) state whether the proposal includes attorneys' fees and whether attorneys' fees are part of the legal claim; and
(G) include a certificate of service in the form required by rule 1.080(f).
(3) A proposal may be made by or to any party or parties and by or to any combination of parties properly identified in the proposal. A joint proposal shall state the amount and terms attributable to each party.
[5] The dissent erroneously fashions its interpretation of the rule without consideration of the circumstance where a plaintiff makes an offer of judgment to the defendants. See dissenting op. at 653-54. Rule 1.442(b) definitively states that proposals for settlement may be made by either a plaintiff or a defendant, and our precedent has applied the rule of differentiated offers equally to all parties. See Willis Shaw, 849 So.2d at 278-79.