MARSTILLER, J.
After receiving a defense verdict in Appellants’ medical malpractice lawsuit, Ap-pellees successfully sought costs and attorney’s fees pursuant to section 768.79(1), Florida Statutes,* the offer of judgment statute. Appellants challenge the award, arguing that Appellees’ settlement proposal was conditioned on Appellants’ joint acceptance and is, therefore, invalid under Attorneys’ Title Insurance Fund, Inc. v. Gorka, 36 So.3d 646 (Fla.2010). We agree and reverse the judgment for attorney’s fees and costs.
Florida Rule of Civil Procedure 1.442(3) permits joint settlement proposals like the one at issue in this case if they “state the amount and terms attributable to each party.” Under this Court’s pre-Gorlca decision in Clements v. Rose, 982 So.2d 731 (Fla. 1st DCA 2008), a joint settlement offer conditioned on both plaintiffs’ acceptance, but clearly apportioning the offered amount among the plaintiffs and defendants, was valid and enforceable. But in Gorka the supreme court disapproved Clements, and now the differentiation rule 1.442 requires is ineffective where the settlement offer is conditioned on joint acceptance.
The joint proposal in Gorka offered to settle the plaintiffs’ claims for declaratory relief and breach of contract for $25,000. *446 Gorka, 36 So.3d at 652 (Polston, J., dissenting). Under the express terms of the offer, each plaintiff would receive $12,500. Id. The proposal further provided that ‘“neither Plaintiff can independently accept the offer without their co-plaintiff joining in the settlement.’ ” Gorka, 36 So.3d at 648. Although rule 1.442(3) permits joint proposals so long as they break out terms and amounts as to each party, the supreme court deemed the offer invalid and unenforceable, stating that a settlement offer “conditioned on joint acceptance ... is the antithesis of a differentiated offer.” Id. at 651.
The pertinent terms of the settlement proposal in this case were:
3. Defendants will pay the total sum of One Hundred Thousand and No/100 ($100,000.00) Dollars (and of that amount, $95,000.00 to Plaintiff, Jetta Schantz, and $5,000.00 to Plaintiff, Robert Schantz) in full settlement of all of the Plaintiffs’ claims of whatever nature which have been or could have been asserted against these Defendants as a result of the matters described in the Plaintiffs’ Complaint and any amendments to the Complaint.
4. Plaintiffs shall execute a general release in favor of the Defendants.... The release will include a requirement that the terms of the settlement remain confidential. Furthermore, Plaintiffs shall hold harmless and defend the Defendants from all claims, liens, subrogation rights and all interests of all third parties which might exist as a result of the matters described in Plaintiffs’ Complaint. (See attached Release).
5. Plaintiffs shall dismiss this case with prejudice as to the Defendants.
[[Image here]]
7. If this Proposal for Settlement is not accepted in writing within thirty (30) days of service, it shall be deemed rejected by the Plaintiffs.
(Emphasis added.) Although not as direct as the wording of the settlement offer in Gorka, the highlighted language above— particularly that in paragraph 7 of the proposal — conditions settlement on Appellants’ mutual acceptance of the offer and joint action in accordance with its terms. Appellees contend that because the offer apportioned the settlement amount among the parties, Appellants could independently evaluate the settlement offer and had adequate notice that they could settle their claim(s) individually. Indeed, the proposal specified in a footnote, “Mrs. Schantz is offered $94,000 from Dr. Sekine and $1,000 from Sekine & Rasner, P.A. Mr. Schantz is offered $4,000 from Dr. Sekine and $1,000 from Sekine & Rasner, P.A.” Before Gor-ka, the joint settlement offer arguably would have satisfied rale 1.442(3) because it specifies who would get what from whom. But the new rule announced in Gorka renders Appellees’ proposal invalid and, we believe, “effectively eliminates the ability to make joint offers.” Gorka 36 So.3d at 654 (Polston, J., dissenting).
The Final Judgment as to Fees and Costs is REVERSED.
VAN NORTWICK, J., Concurs.
THOMAS, J., Specially Concurring With Opinion.

 Section 768.79(1) provides, in pertinent part:
In any civil action for damages filed in the courts of this state, if a defendant files an offer of judgment which is not accepted by the plaintiff within 30 days, the defendant shall be entitled to recover reasonable costs and attorney’s fees incurred by her or him or on the defendant's behalf pursuant to a policy of liability or other contract from the date of filing of the offer if the judgment is one of no liability or the judgment obtained is at least 25 percent less than such offer. ...