THOMAS, J.
Specially Concurring.
I concur with the majority opinion, because under the decision in Attorney s’ Title Ins. Fund, Inc. v. Gorka, 36 So.3d 646 (Fla.2010), this offer of judgment cannot be upheld. I write to urge the legislature to review section 768.79, Florida Statutes, which provides a substantive right to attorney’s fees and, just as importantly, provides the legislature’s clear intent to facilitate settlements.
*447 The legislature created a substantive right to attorney’s fees when it enacted section 768.79, Florida Statutes. See In re Amend, to Fla. Rules of Civ. Proc., 682 So.2d 105, 105-06 (Fla.1996) (in which the court rejected a proposed rule which attempted to define entitlement to substantive right which is within province of legislature). This substantive right is meaningless, however, if it cannot be enforced.
Legislative review of section 768.79, Florida Statutes, may be appropriate, because, as Justice Pariente has noted, “Over the years I have expressed concern about whether either [rule 1.442] or [section 768.69, Florida Statutes] is fulfilling its intended purpose of encouraging settlement or at times is having the opposite effect of increasing litigation.” Campbell v. Goldman, 959 So.2d 223, 227 (Fla.2007) (Pariente, J., specially concurring). This observation is borne out in case law. See, e.g., Gorka, 36 So.3d 646, 650 (Fla.2010) (noting the expected result of attorney’s fee sanction was to reduce litigation by encouraging settlement, but the sanction had not produced desired outcome “because the statute and rule have seemingly increased litigation as parties dispute the respective validity and enforceability of these offers.”). To illustrate its point, the Gorka opinion included this quote from Security Professionals,.Inc. v. Segall, 685 So.2d 1381, 1384 (Fla. 4th DCA 1997), in which the Fourth District lamented: “We regret that this case is just one more example of the offer of judgment statute causing a proliferation of litigation, rather than fostering its primary goal to ‘terminate all claims, end disputes, and obviate the need for further intervention of the judicial process.’ ”) (quoting Unicare Health Facilities, Inc. v. Mort, 553 So.2d 159, 161 (Fla.1989)). Gorka, 36 So.3d at 650.
Under the statute, the legislature intended to encourage settlements and reduce litigation costs on society by providing that prevailing parties who make a legitimate offer of judgment will have a reasonable expectation of recovering their attorney’s fees. Consequently, I respectfully suggest that the legislature consider clarifying parties’ rights and responsibilities in making and receiving offers of judgments.