THOMAS, J.,
specially concurring.
I concur, but write to note that the Offer of Judgment statute functioned here as intended by the Legislature. As previously noted in my concurring opinion in Schantz v. Sekine, 60 So.3d 444 (Fla. 1st DCA 2011) (Thomas, J., Specially Concurring), the judicial enforcement of section 768.79, Florida Statutes, has been problematic, and I recommended that the legislature review the statute to determine if revision may be appropriate to better define rights and obligations under the law. The case here is a good example of how the offer of judgment statute, when effective, can properly allocate costs to a party that unreasonably rejects an offer of settlement, and can provide an effective remedy to the party who offers to settle a claim before trial.
Here, Appellee offered to settle this case, which involved a personal injury resulting from an automobile accident, for $50,000. Appellant rejected the offer. After a four-day jury trial, Appellee then obtained a jury verdict and judgment of $198,568, triggering the application of section 768.79, Florida Statutes. Appellee then sought his costs and attorneys’ fees under section 768.79. This appeal addresses the trial court’s order determining those amounts.
Our decision today substantially affirms the trial court’s order which awarded Ap-pellee $75,399 in total costs and interest, and $501,606 in attorneys’ fees and interest. Thus, the party that had the opportunity to pay the opposing party a $50,000 settlement will now pay approximately $800,000 in judgment, when including post-judgment interest, in addition to the party’s own costs and attorneys’ fees incurred at trial and in this appeal.
This allocation of costs is the result the Legislature intended to produce when it enacted section 768.79, Florida Statutes, which provides incentives to a party to accept a reasonable settlement offer before trial and imposes significant costs on the party who rejects a reasonable offer to settle a dispute before trial.
DAVIS and VAN NORTWICK, JJ., concur; THOMAS, J., concurs with opinion.