WALLACE, Judge.
In case number 2D10-4217, Michael Boesch appeals the trial court’s order denying his motion to tax costs. Mr. Boesch also appeals the denial of his motion for attorney’s fees based on a proposal for settlement in accordance with section 768.79, Florida Statutes (2007), and Florida Rule of Civil Procedure 1.442. In case number 2D10-4577, AmeriLife Group, LLC, challenges the trial court’s order denying AmeriLife’s motion seeking the disbursement to it of funds deposited with the clerk of the court. Instead, the trial court ordered the disbursement of the funds to Bradenton 64, Inc. In case number 2D10-4610, Mr. Boesch and Interstate First Financial of Bradenton, L.L.C., challenge the same order.
In the underlying litigation, Bradenton 64 sought to hold Mr. Boesch liable for the breach of a lease between Bradenton 64 and Interstate for a suite in a strip mall. Mr. Boesch successfully defended Braden-ton 64’s claims against him. It follows that he was entitled to recover his taxable costs against Bradenton 64. See §§ 57.041, 86.081, Fla. Stat. (2007). However, Mr. Boesch’s proposal for settlement was invalid and unenforceable. See Attorneys’ Title Ins. Fund, Inc. v. Gorka, 36 So.3d 646, 649 (Fla.2010). The trial court properly denied his motion for attorney’s fees based on the invalid proposal. Accordingly, in case number 2D10-4217, we affirm in part, reverse in part, and remand for the entry of a judgment in favor of Mr. Boesch for his taxable costs.
We find no error in the trial court’s order directing disbursement of the funds held in the registry of the court. Accordingly, in case numbers 2D10-4577 and 2D10-4610, we affirm the trial court’s order.
Affirmed in part, reversed in part, and remanded.
CASANUEVA and BLACK, JJ., Concur.