LEWIS, C.J.
This appeal and cross-appeal challenge the attorney’s fees awarded to the parties following a lawsuit filed by Appellants/Cross-Appellees against Appel-lees/Cross-Appellants. Both sides raise several issues in this proceeding, only three of which merit discussion. For the reasons that follow, we reverse both awards and remand for further proceedings.
Appellant/Cross-Appellee William H. Chastain and Appellee/Cross-Appellant Dewey J. Chastain are brothers who were partners in a farming partnership. The lawsuit at issue included claims for declaratory judgment, a partnership accounting, partition of real and personal property, dissolution of partnership, temporary in-junctive relief, constructive fraud, and fraud. In May 2009, Appellees/Cross-Ap-pellants served a proposal for settlement pursuant to section 768.79, Florida Statutes, upon Appellants/Cross-Appellees. The offer sought to “resolve any and all *549 claims made by [Appellants/Cross-Appel-lees] against [Appellees/Cross-Appellants] ... in both Counts X (constructive fraud and fraud ...").[1] The total amount of the offer was $5,002. This amount was allocated from each Appellee/Cross-Appellant to Appellant/Cross-Appellee William H. Chastain in the amount of $2,500 and from each Appellee/Cross-Appellant to Appellant/Cross-Appellee Cleone C. Chastain, William’s wife, in the amount of $1. The offer noted that it would be deemed rejected unless accepted within thirty days of service. It further noted, “Pursuant to § 768.79(B) ... this offer is being served upon plaintiffs, WILLIAM H. CHASTAIN and CLEONE C. CHASTAIN, but will not be filed with the Court unless accepted, or unless the filing of the offer is necessary to enforce the provisions contained in § 768.79.” Paragraph 10 provided in part, “Upon the acceptance of this proposal for settlement, the defendants ... agree to pay the plaintiffs the amount of $5,002.00 and in accordance with this Offer of Judgment/Proposal for Settlement in return for the plaintiffs dismissing their claims both Counts X ... with prejudice.... ” Appellants/Cross-Appellees rejected the proposal and sought a trial de novo on the fraud claims after also rejecting a nonbinding arbitration award of $3,600 as to those claims.
In November 2009, the trial court entered an Order of Final Partnership Accounting and Stipulated Order. The trial court dissolved the partnership and ordered, pursuant to the parties’ stipulation, that Appellants/Cross-Appellees would be entitled to a credit of $100,000 for certain of their claims related to the accounting and that Appellees/Cross-Appellants would be entitled to a credit of $47,000 for certain of their offsetting claims, which resulted in a net credit to Appellants/Cross-Appellees of $53,000.
In December 2009, Appellants/Cross-Appellees filed the parties’ Settlement Stipulation with the trial court and moved for attorney’s fees and costs based on the Order of Final Partnership Accounting and Stipulated Order. Pursuant to the parties’ stipulation, Appellants/Cross-Appellees dismissed several of their claims, including the claims for constructive fraud and fraud. In January 2010, Appellees/Cross-Appellants moved for attorney’s fees pursuant to their proposal for settlement which was rejected and section 44.103(6), Florida Statutes, based upon Appellants/Cross-Appellees’ rejection of the nonbinding arbitration award, their election to pursue a trial de novo on the fraud counts, and their failure to achieve seventy-five percent of the arbitrator’s award.
In its Order on Entitlement to Attorney’s Fees, the trial court determined that Appellants/Cross-Appellees were entitled to prevailing party fees on a limited issue pertaining to the partition and accounting claims that was not settled by the parties and that Appellees/Cross-Appellants were entitled to attorney’s fees under sections 768.79 and 44.103. Following an evidentia-ry hearing, the trial court entered an Order on Attorney’s Fees. Therein, it determined that the claims of fraud were so intermingled with the partition and accounting claims that it was practically impossible to categorize and segregate work that was done by the parties to litigate the fraud claims only as opposed to work done solely in furtherance of the partition and accounting claims. The trial court further found that the claims were inextricably intertwined. It determined that Appellants/Cross-Appellees were entitled to recover 56.2% of their reasonable attorney’s fees and costs on the partition and ac *550 counting claims, which equated to $125,182.69, and that Appellees/Cross-Ap-pellants were entitled to $125,195.28, their fees and costs reasonably incurred in defending against the fraud claims after their proposal for settlement was rejected. In the Final Judgment Awarding Attorney’s Fees, the trial court ordered that Appel-lees/Cross-Appellants recover $12.59 from Appellants/Cross-Appellees. This appeal and cross-appeal followed.
Appellants/Cross-Appellees argue that the proposal for settlement addressing the fraud claims was invalid because it was not structured in such a way that each Appellant/Cross-Appellee could independently evaluate and act upon it. We review this issue de novo. See Jacksonville Golfair, Inc. v. Grover, 988 So.2d 1225, 1226 (Fla. 1st DCA 2008).
In Attorneys’ Title Insurance Fund, Inc. v. Gorka, 36 So.3d 646, 648 (Fla.2010), the Florida Supreme Court addressed a proposal for settlement that stated in part, “[Njeither Plaintiff can independently accept the offer without their co-plaintiff joining in the settlement.” The supreme court held that the proposal was invalid and reasoned that a proposal that is conditioned on the mutual acceptance of all of the joint offerees is invalid and unenforceable because it is conditioned such that neither offeree can independently evaluate or settle his or her respective claim by accepting the proposal. 36 So.3d at 649.
In Schantz v. Sekine, 60 So.3d 444, 445 (Fla. 1st DCA 2011), we noted that while Florida Rule of Civil Procedure 1.442(c)(3) permits joint settlement proposals if they state the amount and terms attributable to each party, the “differentiation rule 1.442 requires is ineffective [under Gorka ] where the settlement offer is conditioned on joint acceptance.” While the language used in the proposal at issue in Schantz was not as direct as the wording of the proposal in Gorka, we found that the language conditioned settlement on the appellants’ mutual acceptance of the offer and joint action in accordance with its terms. 60 So.3d at 446. That language included phrases such as “[pjlaintiffs shall execute a general release,” “[pjlaintiffs shall dismiss this case,” and “[i]f this Proposal ... is not accepted in writing within thirty (30) days of service, it shall be deemed rejected by the Plaintiffs.” Id. Although the proposal in Schantz also apportioned the settlement amount among the parties as did the proposal in the case now before us, we noted that the new rule in Gorka rendered the proposal invalid and “ ‘effectively eliminates the ability to make joint offers.’ ” Id. (citation omitted).
While the proposal in this case did not expressly require joint acceptance by both Appellants/Cross-Appellees as did the proposal in Gorka, the language used was similar to that in the proposal we deemed invalid in Schantz. It is clear from the proposal in this case that there was one offer in the amount of $5,002 and that the offer, which pertained only to the fraud claims,[2] was conditioned on joint acceptance by Appellants/Cross-Appellees. As such, the proposal was invalid, and the attorney’s fee award to Appellees/Cross-Appellants that was based upon rejection of the proposal must be reversed.
Turning to the meritorious issues raised on cross-appeal, we agree with Ap-pellees/Cross-Appellants that the trial court erred in finding that the fraud claims and the partition and accounting claims were inextricably intertwined for purposes *551 of awarding Appellants/Cross-Appellees attorney’s fees. We review the trial court’s determination on this issue de novo. See Shelly L. Hall, M.D., P.A. v. White, 97 So.3d 907, 909 (Fla. 1st DCA 2012). As we have explained, the party seeking fees carries the burden of showing that the issues were so intertwined that allocation for purposes of attorney’s fees is not feasible. Id.
Although Appellants/Cross-Appel-lees may be correct that the partition/accounting and fraud claims involved a common core of facts, a full fee on claims involving a common set of facts may not be awarded if it can be shown that the attorneys spent a separate and distinct amount of time on counts as to which no attorney’s fees were sought or authorized. See River Bridge Corp. v. Am. Somax Ventures, 76 So.3d 986, 990 (Fla. 4th DCA 2011). Our review of Appellants/Cross-Appellees’ attorneys’ time records leads us to conclude that the claims of fraud were not so intermingled with the partition and accounting claims that work performed on the fraud claims could not be distinguished from work performed on the other claims. As Appellees/Cross-Appellants argue on cross-appeal, there were several time entries submitted by Appellants/Cross-Ap-pellees’ attorneys that pertained to work that was performed in furtherance of the fraud claims. Cf. Miller v. Miller, 107 So.3d 430, 433 (Fla. 4th DCA 2012) (noting that claims are intertwined for purposes of attorney’s fees when work for one claim cannot be distinguished from work on other claims). We note also that while the expert witness for Appellants/Cross-Ap-pellees opined that he did not think it was possible to separate the attorneys’ time spent on the fraud claims from time spent on the other claims, there was no evidence that any attempt was made by either the attorneys for Appellants/Cross-Appellees or their expert to do so. See White, 97 So.3d at 908 (reversing an attorney’s fee award, determining that the claims at issue were not inextricably intertwined, and noting that the trial court made no factual findings to support its legal conclusion that the claims were intertwined and that the appellees failed to offer sufficient proof in the form of detailed time records and further elaboration from their expert witness, who admitted that he did not attempt to segregate out the time per claim). Based upon such, the attorney’s fee award to Appellants/Cross-Appellees is reversed.
We also find merit in Appel-lees/Cross-Appellants’ argument that the trial court erred in awarding attorney’s fees on the partnership accounting claim to and against parties who were not partners. It is undisputed that neither Appellant/Cross-Appellee Cleone C. Chastain nor Appellee/Cross-Appellant Barbara B. Chastain was a partner in the partnership at issue. As the Third District has explained, the costs of a suit for a partnership accounting, including the fees of attorneys and experts, are to be paid out of the partnership estate. See Lipsig v. Ramlawi, 760 So.2d 170, 191 (Fla. 3d DCA 2000). If that is insufficient, the costs are to be borne by the partners in proportion to their respective partnership shares unless the trial court chooses to exercise discretion and charges more costs to one or some of the partners. Id. Because the wives were not partners, AppellantyCross-Appellee Cleone C. Chastain was not entitled to an attorney’s fee on the accounting claim, and Appellee/Cross-Appellant Barbara B. Chastain was not responsible for any fees on that claim.
In conclusion, we reverse the Final Judgment Awarding Attorney’s Fees and both attorney’s fee awards. Although the trial court found in its Order on Entitlement to Attorney’s Fees that Appel- *552 lees/Cross-Appellants were also entitled to fees under section 44.103, which is a finding that has not been challenged in this proceeding, the award as set forth in the Order on Attorney’s Fees was based only upon section 768.79. Therefore, on remand, the trial court should determine the amount owed to Appellees/Cross-Appel-lants pursuant to section 44.103. As for Appellants/Cross-Appellees, the trial court may only award fees for the services that them attorneys performed on the partition and accounting claims and not for any work performed on the fraud claims. Any fees ordered to be paid on the accounting claim should be paid by and to the former partners of the dissolved partnership.
REVERSED and REMANDED for further proceedings.
BENTON and MAKAR, JJ., concur.

. Both claims were labeled as Count X in the amended complaint.

. See Grover, 988 So.2d at 1227 (noting that neither section 768.79 nor rule 1.442 requires that a settlement proposal cover all claims between all parties involved or that it settle all claims between the parties to the proposal).