# Third District Court of Appeal

## State of Florida

Opinion filed March 1, 2017.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D15-1594
Lower Tribunal No. 09-1214-K
_____

**Atlantic Civil, Inc., etc.,**
Appellant,

vs.

**Edwin O. Swift, III, etc., et al.,**
Appellees.

An Appeal from the Circuit Court for Monroe County, Timothy J. Koenig, Judge.

Shubin & Bass, P.A., and Jeffrey S. Bass and Katherine R. Maxwell; Hershoff, Lupino & Yagel, LLP and James S. Lupino, for appellant.

Cole Scott & Kissane, P.A. and Kathryn L. Ender, for appellees.

Before SUAREZ, C.J., and LAGOA, J., and SHEPHERD, Senior Judge.

SHEPHERD, Senior Judge.

Atlantic Civil, Inc. appeals the denial of its Motion for Attorney's Fees filed pursuant to section 768.79 of the Florida Statutes, after the trial court found Atlantic's proposal for settlement to Edwin O. Swift, III and Key Haven Estates, LLC to be ambiguous. We reverse.

## Factual and Procedural Background

This is the parties' second appeal related to the lawsuit filed by Atlantic Civil against Swift and Key Haven for conversion of fill material. See Atlantic Civil, Inc. v. Swift, 118 So. 3d 271 (Fla. 3d DCA 2013) (reversing the judgment entered in favor of Swift and Key Haven and remanding for entry of a judgment for Atlantic Civil). During litigation in the underlying lawsuit, Atlantic Civil served an offer of settlement to Swift and Key Haven, which stated in pertinent part:

> Plaintiff Atlantic Civil, Inc. ("ACI"), by and through undersigned counsel and pursuant to Section 768.79, Florida Statutes and Rule 1.442, Florida Rules of Civil Procedure, makes the following proposal for settlement to defendants Edwin O. Swift, III ("Swift") and Key Haven Estates, LLC ("Key Haven") (collectively "Defendants"), the terms of which are as follows:
>
> 1. Nature of Resolved Claims. ACI proposes to resolve all claims brought by ACI against Defendants in the above-captioned action, including all claims arising from or connected to this action which, if not brought herein, would be barred by final judgment herein, including but not limited to, any claims for punitive damages.
>
> 2. Amount of Proposal. Without admitting or conceding in any way that the value of the property disputed in the above-captioned action is less than the amount demanded in ACI's amended complaint, and in the interest of avoiding the expense and inconvenience of litigation, ACI proposes that Defendants pay ACI the total amount of

2

FIFTY THOUSAND DOLLARS ($50,000.00) apportioned as follows: from Swift to ACI, the amount of TWENTY-FIVE THOUSAND DOLLARS ($25,000.00), and from Key Haven to ACI, the amount of TWENTY-FIVE THOUSAND DOLLARS ($25,000.00), in full and complete settlement of the claims identified in paragraph (1) above.

. . . .

5.    Nonmonetary or Other Conditions.    This proposal is conditioned on the mutual exchange of general releases (attached hereto as Exhibits A and B)[1] as described in this paragraph. ACI will dismiss this action with prejudice and execute a general release, in favor of Defendants, of the claims identified in paragraph (1) above. Likewise, Defendants will execute a general release, in favor of ACI, of all counterclaims arising from or connected to this action which, if not asserted herein, would be barred by final judgment in this matter.

---

[1] Exhibit B was a three-page general release form which on page one provided in pertinent part:

KNOW ALL MEN BY THESE PRESENTS that Edwin O. Swift, III ("Swift"), . . . and Key Haven Estates, LLC ("Key Haven"), . . . for promises and undertakings and other good and valuable consideration set forth in [the proposal for settlement] . . . hereby absolutely, fully and forever release, relieve and discharge ACI . . . of and from any and all claims, counterclaims, demands, obligations, actions suits, debts, damages, contracts, bonds, promises, controversies, and causes of action, in law or equity, brought by Swift and/or Key Haven against ACI in [the lawsuit at issue] . . . .
. . . .
This release may be executed in multiple counterparts, each of which shall be deemed an original, but all of which together shall constitute one and the same instrument.
. . . .

The remaining pages separately provided for the notarized signatures of Swift individually (page two) and Swift, as manager for Key Haven (page three).

6. <u>Acceptance or Rejection of Proposal.</u>  This proposal shall be deemed rejected unless Defendants accept it by delivering written notice of acceptance to ACI within thirty (30) days following the service hereof, calculated according to Rule 1.442, Florida Rules of Civil Procedure.  If Defendants do not timely accept this proposal, Swift and/or Key Haven may be liable for reasonable attorney's fees and costs incurred by ACI from the date of filing this proposal pursuant to Section 768.79, Florida Statutes.

Neither Swift nor Key Haven responded to the offer.  In accordance with this court's remand in the prior appeal, the trial court entered final judgment for Atlantic Civil in the amount of $86,108.51.  Atlantic Civil then moved for attorney's fees, as the judgment exceeded the statutory threshold applicable to its Proposal for Settlement pursuant to section 768.79.  At the attorney's fees hearing, Swift and Key Haven argued the offer of settlement was ambiguous because it appeared to be conditioned on acceptance by both defendants.  The trial court agreed and denied the motion for fees.  Atlantic Civil appeals this ruling.

**Analysis**

The issue in this case is whether the Proposal for Settlement is valid under section 768.79, which is implemented by Florida Rule of Civil Procedure 1.442.  It should be kept in mind that settlement proposals are interpreted strictly because they are in derogation of the general rule that each party bears its own attorney's fees.  <u>Willis Shaw Express, Inc. v. Hilyer Sod, Inc.</u>, 849 So. 2d 267 (Fla. 2003).  The settlement proposal must be sufficiently clear to allow the offeree the opportunity to fully consider the terms of the proposal.  <u>State Farm Mut. Auto. Ins. Co. v. Nichols,</u>

4

932 So. 2d 1067, 1079 (Fla. 2006) ("[Rule 1.442] merely requires that the settlement proposal be sufficiently clear and definite to allow the offeree to make an informed decision without needing clarification."). However, "given the nature of language, it may be impossible to eliminate all ambiguity," and "[t]he rule does not demand the impossible." Id. Only [i]f ambiguity within the proposal could **reasonably** affect the offeree's decision, the proposal will not satisfy the particularity requirement." Id. (emphasis added). As the Florida Supreme Court recently warned in Anderson v. Hilton Hotels Corp., 202 So. 3d 846, 852 (Fla. 2016), "courts are discouraged from 'nitpicking' proposals for settlement to search for ambiguity."

In interpreting the settlement proposal, "the intention of the parties must be determined from examination of the whole contract and not from separate phrases or paragraphs." Deeb v. Field, 311 So. 2d 736, 737 (Fla. 3d DCA 1975). Looking at the complete language of the Proposal for Settlement and the attached general release form to be signed by Swift and Key Haven, we find no requirement that both defendants must agree in order to effectuate the settlement.[2] While in some instances the Swift and Key Haven are referred to as defendants, plural, this is

---

[2] This fact distinguishes Attorney's Title Insurance Fund, Inc. v. Gorka, 36 So. 3d 646 (Fla. 2010) because Gorka is limited to proposals **expressly and directly** conditioned on joint acceptance by all offerees. Id. at 648 ("This offer is conditioned upon the offer being accepted by both John W. Gorka and Laurel Lee Larson. In other words, the offer can only be accepted if both John W. Gorka and Laurel Lee Larson accept and *neither Plaintiff can independently accept the offer without their co-plaintiff joining in the settlement.*).

5

simply a matter of convenience. The settlement amount is apportioned between the two defendants and the general release form allows for the defendants to sign separately. Thus, the proposal meets the <u>Nichols</u> requirement that the proposal be sufficiently clear and definite to allow each offeree to make an informed decision as to whether to settle. Reading the references to "defendants" to create an ambiguity would involve the type of 'nitpicking' which the <u>Anderson</u> court expressly warns against.

For these reasons, we reverse the decision of the trial court and remand for consideration of attorney's fees under the Proposal for Settlement.

Reversed and remanded.

LAGOA, J., concurs.

SUAREZ, C.J. (dissenting).

I respectfully dissent.

Proposals for settlement must be sufficiently specific so that there are no ambiguities, so that the recipient can fully evaluate the terms and conditions, and so that the proposal can be executed without the need for judicial interpretation. State Farm Mut. Auto. Ins. Co. v. Nichols, 932 So. 2d 1067, 1079 (Fla. 2006). The Florida Supreme Court has also recognized that, although it may not be possible to eliminate all ambiguity, the rule "merely requires that the settlement proposal be sufficiently clear and definite to allow the offeree to make an informed decision without needing clarification." Id. [e.s.]. That this Court is now split on the issue indicates that the Settlement Offer was not sufficiently clear after all.

Although there is no language in the Settlement Offer specifically conditioning acceptance by both parties, there is sufficient language in the document to suggest that the proposal was joint in nature, i.e., that neither defendant could accept separately from the other. Throughout the one, single, document the " defendants" are jointly referenced in the plural; the proposal was conditioned

on the mutual exchange of releases;[3] and Atlantic Civil wanted to recover a total of $50,000 – nothing less. That Atlantic Civil apportioned the $50,000 equally between the two defendants does not turn the Settlement Offer into an offer that could be individually accepted by either the individual or corporate defendant.

In Attorney's Title Ins. Fund, Inc. v. Gorka, 36 So. 3d 646, 647 (Fla. 2010), the Supreme Court of Florida considered a joint proposal for settlement: "We hold that this type of joint offer is invalid and unenforceable because it is conditioned such that neither offeree can independently evaluate or settle his or her respective claim by accepting the proposal." This Court has followed Gorka and its reaffirmance of "longstanding precedent" requiring that either offeree must be able to evaluate and settle with the offeror by accepting the proposal, "irrespective of the other parties' decisions." Saewitz v. Saewitz, 79 So. 3d 831, 833 n. 1 (Fla. 3d DCA 2012).

The corporate defendant's considerations are clearly separate and different from the individual defendant, despite Mr. Swift's status as an individual defendant and his relationship to the company. Among other considerations, one of the three counts of the amended complaint does not seek relief as against Mr.

---

[3] The release attached to the joint proposal was to be signed by both defendants, not by just one of them.

Swift.

Because the Settlement Offer must be read as a whole to give effect to all of its provisions, and based on binding authority in <u>Gorka</u>, I conclude that the proposal was an unenforceable joint proposal. I would affirm the trial court's order denying Atlantic Civil's motion for attorney's fees.