[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 16-17385
Non-Argument Calendar
_____

D.C. Docket No. 5:13-cv-00222-WTH-PRL

JOSEPH BRADFIELD,
PATRICIA BRADFIELD,

Plaintiffs-Appellees,

versus

MID-CONTINENT CASUALTY COMPANY,
a foreign corporation,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(June 7, 2017)

Before HULL, WILSON and WILLIAM PRYOR, Circuit Judges.

PER CURIAM:

Mid-Continent Casualty Company appeals the denial of its motion for attorney's fees based on its unaccepted offer of judgment. Fla. Stat. § 768.79 (2006); Fla. R. Civ. P. 1.442. The district court ruled that Mid-Continent could not recover attorney's fees because its joint offer of judgment was invalid. We affirm.

## I. BACKGROUND

Mid-Continent issued commercial general liability insurance policies to Winfree Homes, Inc., and Horgo Enterprises, Inc. A third entity, Horgo Signature Homes, Inc., used Winfree and Horgo Enterprises as contractors, which Horgo Signature failed to disclose in its contract to build a home for Joseph and Patricia Bradfield. The Bradfields' home was rife with construction defects, the majority of which were attributable to work performed by subcontractors used by Winfree and Horgo Enterprises.

After the Bradfields sued Winfree and Horgo Signature in a Florida court, Winfree and Horgo Signature notified Mid-Continent of the action, but it denied coverage and refused to provide a defense. The parties settled the action. The Bradfields agreed to release all claims against Winfree, Horgo Signature, and Horgo Enterprises, and Winfree and Horgo Signature, in exchange, agreed to be held jointly and severally liable for $696,108 and to assign their putative claims against Mid-Continent to the Bradfields.

2

The Bradfields filed a complaint in a Florida court against Mid-Continent, which removed the action to the district court. Mid-Continent served the Bradfields with a joint offer of judgment to "resolve[] all claims that the Bradfields asserted or could have asserted against [Mid-Continent] in connection with the complaint, and under the Horgo Enterprises, Inc. ("Horgo Enterprises") and Winfree Homes, Inc. ("Winfree") policies of insurance issued by [Mid-Continent]." *See* Fla. Stat. § 768.79. Mid-Continent offered to pay $7,500 that could "be split equally by the Bradfields or in any other matter [sic] they see fit." In exchange, Mid-Continent demanded "a full and complete release of all claims that the Bradfields had, have, or that they could have asserted against Horgo Enterprises, Winfree, and/or [Mid-Continent]" and "a full and complete satisfaction of any and all Final Judgment(s)/Consent Judgments they jointly obtained against Horgo Signature Homes, Inc. and/or Winfree."

The Bradfields did not respond to the offer and moved for partial summary judgment. Later, Mid-Continent moved for summary judgment. The district court granted the motion of Mid-Continent and denied the Bradfields' motion.

Mid-Continent filed a motion for attorney's fees based on its unaccepted offer of judgment, *see id.*, which the district court denied. The district court ruled that the offer of judgment was invalid and unenforceable because "neither [of the Bradfields] could independently accept the offer without the other joining the

3

release and agreeing to the terms of the settlement." *See Attorneys' Title Insurance Fund, Inc. v. Gorka*, 36 So.3d 646 (Fla. 2010).

## II. STANDARD OF REVIEW

We review the denial of attorney's fees for abuse of discretion. *Menchise v. Akerman Senterfitt*, 532 F.3d 1146, 1149 (11th Cir. 2008). "To the extent that the district court's conclusion implicates a question of law, we review *de novo*." *Id.* (quoting *Barnes v. Broward Cty. Sheriff's Office*, 190 F.3d 1274, 1276–77 (11th Cir. 1999)).

## III. DISCUSSION

Under Florida law, which the parties agree applies, a defendant who prevails in a civil action can recover attorney's fees when the defendant made "an offer of judgment which [was] not accepted by the plaintiff within 30 days," Fla. Stat. § 768.79(1), if that offer complied with Florida Rule of Civil Procedure 1.442. *See Gorka*, 36 So. 3d at 649. Rule 1.442 requires that an offer of judgment identify the benefits to and obligations of an offeree. Fed. R. Civ. P. 1.442(c). When an offer is made "by or to any combination of parties," the offer "shall state the amount and terms attributable to each [plaintiff]." Fla. R. Civ. P. 1.442(c)(3).

The Supreme Court of Florida has ruled that a defendant is not entitled to attorney's fees based on a joint offer of judgment conditioned on the mutual

4

acceptance of all the offerees. *Gorka*, 36 So. 3d at 647. "[T]hat . . . type of joint offer is invalid and unenforceable," the *Gorka* court reasoned, because it "violates the[] principles" of Rule 1.442(c)(3), which requires an independent offer for each offeree. *Id.* at 649–51. Unless an offer enables "each party [to] unilaterally settle the action," the court explained, it "is really a phantom offer that would never produce a settlement." *Id.* at 651. *Gorka* affirmed the denial of attorney's fees to an insurer that made an offer of judgment to a couple who jointly owned a policy of insurance "conditioned upon the offer being accepted by both" spouses. *Id.* at 648, 652.

The district court did not abuse its discretion when it denied Mid-Continent attorney's fees because its offer of judgment was unenforceable. As in *Gorka*, Mid-Continent conditioned its offer of settlement on the Bradfields' mutual acceptance of $7,500 and a joint release of all their claims. Mid-Continent argues that it could make a "single offer" because the Bradfields sought to recover on a "jointly-held consent judgment," but *Gorka* established a bright line rule under Rule 1.442(c)(3). The rule that an offeror make independent offers of judgment to multiple offerees, the supreme court stated, "equally applies" whether the "case involves only two plaintiffs with a personal relationship" or "multiple parties absent a close personal or financial relationship." *Gorka*, 36 So. 3d 652; *see also Graham v. The Peter K. Yeskel 1996 Irrevocable Trust*, 928 So. 2d 371, 372 (Fla.

5

Dist. Ct. App. 2006) (concluding the "bright line rule requiring apportionment under Rule 1.442(c)(3)" applied to a "single unified claim" by a couple "for settlement as tenants by the entireties"). The bright line rule established in *Gorka* governs this issue.

## IV. CONCLUSION

We **AFFIRM** the denial of attorney's fees to Mid-Continent.

6