989 So.2d 1210 (2008)
ATTORNEYS' TITLE INSURANCE FUND, INC., Appellant,
v.
Joseph W. GORKA and Laurel Lee Larson, Appellees.
No. 2D07-3369.
District Court of Appeal of Florida, Second District.
September 3, 2008.
*1211 David L. Boyette and Bo Kim of Ruden, McClosky, Smith, Schuster & Russell, P.A., Sarasota, for Appellant.
Robert C. Widman of Morris & Widman, P.A., Venice, for Appellees.
SILBERMAN, Judge.
Attorneys' Title Insurance Fund, Inc. (Attorneys' Title), appeals the trial court's order denying its motions seeking awards of trial court and appellate attorneys' fees. Attorneys' Title sought to recover fees pursuant to its proposal for settlement that appellees Joseph W. Gorka and Laurel Lee Larson did not accept. We affirm because the trial court correctly concluded that the proposal for settlement was invalid and unenforceable.

BACKGROUND AND THE PROPOSAL FOR SETTLEMENT
Gorka and Larson, who are husband and wife, own certain real property that is *1212 insured under a title insurance policy issued by Attorneys' Title. When a dispute arose regarding the property, they sought to have Attorneys' Title defend their fee simple title in accordance with the policy. After Attorneys' Title allegedly refused, Gorka and Larson sued Attorneys' Title, seeking a declaratory judgment and damages for breach of contract.
Prior to trial, Attorneys' Title served a proposal for settlement on Gorka and Larson pursuant to section 768.79, Florida Statutes (2004), and Florida Rule of Civil Procedure 1.442. The proposal offered payment of $12,500 to Gorka and payment of $12,500 to Larson in full settlement of all claimed damages, attorneys' fees, and costs. The proposal was "conditioned upon the offer being accepted by both John W. Gorka and Laurel Lee Larson. In other words, the offer can only be accepted if both John W. Gorka and Laurel Lee Larson accept and neither Plaintiff can independently accept the offer without their co-plaintiff joining in the settlement." Gorka and Larson did not accept the proposal for settlement.
Following a nonjury trial, the trial court rendered a final judgment in favor of Attorneys' Title. Attorneys' Title filed a motion to tax fees and costs against Gorka and Larson pursuant to the unaccepted proposal for settlement.
Gorka and Larson appealed the final judgment, and this court affirmed. Gorka v. Attorneys' Title Ins. Fund, Inc., 944 So.2d 991 (Fla. 2d DCA 2006) (table decision). During the appeal, Attorneys' Title filed a motion with this court seeking its appellate attorneys' fees pursuant to its unaccepted proposal for settlement. We entered an order remanding the fee issue for determination by the trial court. We stated that if Attorneys' Title established its "entitlement to attorneys' fees pursuant to section 768.79 and rule 1.442," the trial court was authorized to award Attorneys' Title its reasonable appellate fees.
Attorneys' Title then filed in the trial court a "Motion for Determination of Appellate Attorneys Fees Pursuant to Mandate." The trial court held a hearing to address both the original motion to tax fees and costs as well as the motion to determine appellate fees. Citing Lamb v. Matetzschk, 906 So.2d 1037 (Fla.2005), the trial court found that although Attorneys' Title "specifically apportioned the amounts offered to each of the Plaintiffs and stated the conditions and non-monetary requirements, neither party was able to independently evaluate or independently accept the offer as the offer required the acceptance of both parties." On that basis, the court concluded that the proposal was invalid and entered the order now on appeal, denying the motions for attorneys' fees.

ANALYSIS
Section 768.79(1) provides in pertinent part as follows:
In any civil action for damages filed in the courts of this state, if a defendant files an offer of judgment which is not accepted by the plaintiff within 30 days, the defendant shall be entitled to recover reasonable costs and attorney's fees incurred by her or him or on the defendant's behalf pursuant to a policy of liability insurance or other contract from the date of filing of the offer if the judgment is one of no liability or the judgment obtained by the plaintiff is at least 25 percent less than such offer....
This statute is implemented by rule 1.442. Willis Shaw Express, Inc. v. Hilyer Sod, Inc., 849 So.2d 276, 278 (Fla.2003). The "rule applies to all proposals for settlement authorized by Florida law." Fla. R. Civ. P. 1.442(a). Subsection (c) of the rule sets forth the form and content of a proposal for settlement, stating the following:

*1213 (1) A proposal shall be in writing and shall identify the applicable Florida law under which it is being made.
(2) A proposal shall:
(A) name the party or parties making the proposal and the party or parties to whom the proposal is being made;
(B) identify the claim or claims the proposal is attempting to resolve;
(C) state with particularity any relevant conditions;
(D) state the total amount of the proposal and state with particularity all nonmonetary terms of the proposal;
(E) state with particularity the amount proposed to settle a claim for punitive damages, if any;
(F) state whether the proposal includes attorneys' fees and whether attorneys' fees are part of the legal claim; and
(G) include a certificate of service in the form required by rule 1.080(f).
(3) A proposal may be made by or to any party or parties and by or to any combination of parties properly identified in the proposal. A joint proposal shall state the amount and terms attributable to each party.

Fla. R. Civ. P. 1.442(c) (emphasis added).
The purpose of section 768.79 is to encourage the settlement of lawsuits. See United Servs. Auto. Ass'n v. Behar, 752 So.2d 663, 664 (Fla. 2d DCA 2000). An award of fees under the statute is a sanction against a party who refuses to accept a reasonable offer and unnecessarily continues the litigation. Sarkis v. Allstate Ins. Co., 863 So.2d 210, 222 (Fla. 2003). Such an award is in derogation of the common law rule that each party pay its own fees, and the statute and rule are strictly construed in favor of the party against whom the penalty is sought. Id. at 218, 223; Willis Shaw Express, 849 So.2d at 278.
In Willis Shaw Express, the Florida Supreme Court considered the language in rule 1.442(c)(3) that "[a] joint proposal shall state the amount and terms attributable to each party." 849 So.2d at 278. The court held that a joint proposal of settlement made by multiple plaintiffs "must apportion the offer among the plaintiffs." Id. at 279. Thus, attorneys' fees were not recoverable under a proposal that failed to specify the amount and terms that each plaintiff was requesting. Id. at 277, 279. In Lamb v. Matetzschk, 906 So.2d 1037, 1040 (Fla.2005), the court extended this analysis to a situation in which a plaintiff made an undifferentiated settlement offer to more than one person, holding that such an offer must state the amount and terms attributable to each of the offerees. The supreme court has also held that an offer made by a defendant to multiple plaintiffs must state the amount and terms attributable to each plaintiff. Allstate Indem. Co. v. Hingson, 808 So.2d 197, 199 (Fla.2002).
In summary, when a plaintiff serves a proposal of settlement to multiple defendants, each defendant is entitled to evaluate the proposal and "should be able to settle the suit knowing the extent of his or her financial responsibility." Lamb, 906 So.2d at 1040. Similarly, when a defendant serves an offer of judgment or a proposal for settlement to multiple plaintiffs, each plaintiff must "have an independent right to evaluate and decide the conduct of" his or her claim. Behar, 752 So.2d at 665. In Behar, we held that the defendant could not recover its attorneys' fees pursuant to an "offer of judgment and proposal for settlement" that failed to itemize the amounts offered to each plaintiff, reiterating that each recipient of the offer must have "an opportunity for independent *1214 consideration of that recipient's claims." Id. at 665.
Based upon these principles, we conclude that the trial court correctly determined that the proposal for settlement by Attorneys' Title is invalid and unenforceable for the purpose of imposing fees against Gorka and Larson. Although the proposal specifies the amounts to be individually paid to Gorka and to Larson, it is invalid because it is conditioned upon both of them accepting the amounts offered and specifies that neither of them may independently accept the amount offered. By so conditioning the proposal, neither Gorka nor Larson could independently settle his or her respective claim by accepting the proposal. If one wished to accept but the other elected not to accept, the acceptance would not be effective. In this scenario, the offeree who wished to accept would be exposed to the fee sanction under section 768.79 and rule 1.442 due to the conduct of the other offeree rather than as a result of his or her independent decision to reject the proposal. Thus, because of the penal nature of section 768.79 and the strict construction that we must apply, the proposal for settlement is invalid to impose an award of fees against Gorka and Larson.
We note that in Clements v. Rose, 982 So.2d 731 (Fla. 1st DCA 2008), the First District addressed whether the plaintiff's offer to settle with two defendants, a husband and wife, was ambiguous and unenforceable because it did not specify whether each defendant could settle separately or whether the offer required both to settle. The proposal stated that the total amount to settle was $75,000, with half to be paid by one defendant and half to be paid by the other. The trial court had found that the proposal was ambiguous as to whether each defendant could settle separately or whether the proposal required the agreement of both defendants. The district court reversed, concluding that the offer was unambiguously conditioned on the mutual acceptance by both defendants and their paying their respective portions. Id. at 732. The court noted that although conditional, the proposal was within the plaintiff's power to make "because the condition depends not on Appellant's election, but on each Appellee's election." Id.
Clements does not address the arguments considered here: (1) the impact such a conditional proposal has on an offeree's ability to independently evaluate and act on a proposal for settlement or (2) the potential that an offeree who was willing to accept the proposal would be penalized as a result of another offeree's refusal to accept. However, to the extent that Clements holds that joint offers conditioned on the mutual acceptance of all of the joint offerees are valid and enforceable, we disagree and certify conflict.
Therefore, we affirm the trial court's order denying the fee motions filed by Attorneys' Title.
Affirmed and conflict certified.
VILLANTI and WALLACE, JJ., Concur.