POLSTON, J.,
dissenting.
The plain language of Florida Rule of Civil Procedure 1.442 allows an offer of settlement conditioned on joint acceptance. Accordingly, I would approve the First District Court of Appeal’s decision in Clements v. Rose, 982 So.2d 731 (Fla. 1st DCA 2008), and quash the Second District Court of Appeal’s decision in Attorneys’ Title Insurance Fund, Inc. v. Gorka, 989 So.2d 1210 (Fla. 2d DCA 2008). I respectfully dissent.
Rule 1.442(c)(3) specifically provides: “A proposal may be made by or to any party or parties and by or to any combination of parties properly identified in the proposal. A joint proposal shall state the amount and terms attributable to each party.” There is no prohibition against offers to multiple parties conditioned on joint acceptance within rule 1.442 or section 768.79, Florida Statutes. Rule 1.442 implements section 768.79, which was enacted by the Legislature for the purpose of encouraging settlements. See United Servs. Auto Ass’n v. Behar, 752 So.2d 663, 664 (Fla. 2d DCA 2000); see also MGR Equip. Corp. v. Wilson Ice Enters., 731 So.2d 1262, 1264 n. 2 (Fla.1999).
Here, the relevant portion of Fund’s proposal to Gorka and Larson provided:
The total amount of the proposal, the relevant conditions of the proposal and the non-monetary terms of the proposal are as follows: Within 20 days of Plaintiffs John W. Gorka and Laurel Lee Larson, serving a notice of accepting this Proposal for Settlement, Defendant shall make a payment of $12,500.00 to Plaintiff, John W. Gorka, and a payment of $12,500.00 to Plaintiff, Laurel Lee Larson. Within 10 days of receiving the $12,500.00 payments, Plaintiffs John W. Gorka and Laurel Lee Larson shall file a Notice of Voluntary Dismissal with Prejudice of the above-captioned action. This offer is conditioned upon the offer being accepted by both John W. Gorka and Laurel Lee Larson. In other words, the offer can only be accepted if both John W. Gorka and Laurel Lee Larson accept and neither Plaintiff can independently accept the offer without *653 their co-plaintiff joining in the settlement.
Both Gorka and Larson are identified in the proposal, and there is no ambiguity as to the terms and amount applicable to Gorka and Larson. The terms are clear and addressed to Gorka and Larson individually. Therefore, the plain language of rule 1.442 is satisfied.
In Clements, 982 So.2d at 732, the First District properly relied upon the plain language of rule 1.442 to determine that Fund’s settlement offer satisfied the rule:
In the instant case, Appellant’s settlement offer apportioned the amount each Appellee was responsible to pay, as required by rule 1.442(c)(3) and explained in Lamb, 906 So.2d at 1042 (“[T]he plain language of rule 1.442(c)(3) mandates that a joint proposal for settlement differentiate between the parties.”). The settlement proposal is conditional upon both Appellees — who are, after all, husband and wife — accepting it and paying their respective portions. The offer is not ambiguous. Although it is conditional, the offer is as definite as it is within Appellant’s power to make, because the condition depends not on Appellant’s election, but on each Appellee’s election. Rule 1.442 is designed to facilitate settlements, not to render settlement of a case impossible where there are multiple defendants.
In contrast to relying on the plain language of rule 1.442, the Second District in Gorka relied on cases that are not applicable. Neither Lamb v. Matetzschk, 906 So.2d 1037 (Fla.2005), nor Behar addressed an offer that contained a condition requiring mutual acceptance by both the offerees. Rather, both Lamb and Behar addressed offers that failed to properly apportion amounts among the parties. See Lamb, 906 So.2d at 1038; Behar, 752 So.2d at 664. In Gorka, there is no argument that Fund’s offer did not clearly state the amounts and terms applicable to each party. Fund’s offer clearly apportions the amount among Gorka and Larson and specifies the terms. Each individual may evaluate the offer made to them, unlike Lamb and Behar.
Additionally, the Second District and the majority conclude that the offer conditioned on joint acceptance is invalid and unenforceable by reasoning that if one of the offerees wishes to settle, but the other does not, then the willing offeree could be forced to pay the opposing side’s costs and fees. See Gorka, 989 So.2d at 1213; majority op. at 651. But a proper interpretation of how the rule and statute function demonstrates that this concern is misplaced.
Section 768.79(4) provides: “An offer shall be accepted by filing a written acceptance with the court within 30 days after service. Upon filing of both the offer and acceptance, the court has full jurisdiction to enforce the settlement agreement.” Rule 1.442(f)(1) also states that a proposal may be “accepted by delivery of a written notice of acceptance within 30 days after service of the proposal.” So, in this instance, the joint offeree who wished to settle would indicate his acceptance pursuant to the statute and rule by filing a written notice of acceptance. Because under the terms of the offer, both acceptances must be filed to constitute an enforceable agreement, the court would not have jurisdiction to enforce a settlement agreement under the statute. However, how the co-plaintiffs are treated for costs recovery is controlled by the statute.
Section 768.79(6)(a) provides for an award of reasonable costs “[i]f a defendant serves an offer which is not accepted by the plaintiff, and if the judgment obtained by the plaintiff is at least 25 percent less than the amount of the offer.” In the *654 event a plaintiff accepts by filing the requisite notice of acceptance with the court, then there could be no recovery under the statute from that plaintiff. On the other hand, if a plaintiff does not file the requisite notice of acceptance, then the plaintiff who has not accepted is subject to the terms of the costs recovery statute.
To interpret these provisions any other way effectively eliminates the ability to make joint offers. In many instances, a party is motivated to settle an entire case with all parties because the litigation is expensive, distracting, and unpleasant. But if the case is going to continue, then there may be little incentive to partially settle. The only way then to settle these cases is to make joint offers conditioned on all accepting, as Fund did in this instance. This encourages settlement, consistent with the intent of the statute, and should be enforced by the Court as a valid condition of settlement.
I would approve the First District’s decision in Clements and quash the Second District’s decision in Gorlca. Accordingly, I respectfully dissent.
QUINCE, C.J., and CANADY, J., concur.