NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT


ERIK J. SATERBO and                          )
STEPHEN C. SATERBO,                          )
                                             )
            Appellants,                      )
                                             )
v.                                           )       Case No. 2D14-2737
                                             )
BENJAMIN D. MARKUSON,                        )
                                             )
            Appellee.                        )
                                             )
_____      )

Opinion filed September 21, 2016.

Appeal from the Circuit Court for Polk
County; Wayne M. Durden, Judge.

Mark D. Tinker and Charles W. Hall of
Banker Lopez Gassler P.A., St. Petersburg,
for Appellants; and James C. Valenti of
Valenti Campbell Trohn Tamayo & Aranda,
Lakeland, for Appellant Erik J. Saterbo.

Patrick J. McNamara, David M. Caldevilla,
Daniel J. McBreen and Eric D. Nowak of
de la Parte & Gilbert, P.A., Tampa, for
Appellee.


ORDER ON MOTION FOR REVIEW OF TRIAL COURT'S ORDER DENYING
APPELLATE ATTORNEYS' FEES


MORRIS, Judge.

Benjamin Markuson seeks review of the trial court's order denying his motion for appellate attorneys' fees. Because we conclude that the trial court erred by finding that Markuson's proposal for settlement was unenforceable, we disapprove that portion of the trial court's order and remand for entry of an order granting appellate attorneys' fees as against Erik Saterbo and his insurer.

## I. Background of the Case

Following an automobile accident between Markuson and Erik, Markuson filed a personal injury action raising two claims: a negligence claim against Erik (as the driver) and his father, Stephen Saterbo (as the owner), and a claim for uninsured motorist benefits against Erik's insurer. Prior to trial, Markuson served a proposal for settlement on both Erik and Stephen, wherein Markuson offered to settle all claims made against both Erik and Stephen in return for a payment of $1,500,000.[1] The proposal did not include an apportionment of the amount of money due from each defendant. The Saterbos rejected the proposal, and after a jury trial, the jury entered a verdict in favor of Markuson, concluding that Erik's negligence was the cause of loss to Markuson.

Despite the fact that there was only one verdict form, the trial court entered two final judgments, one against Erik and Stephen jointly and severally for $600,000 and a second judgment against Erik only in the amount of $2,484,074. This resulted in a combined total award in the amount of $3,084,074. The two separate final

---

[1]Pursuant to section 768.79, Florida Statutes (2011), where a plaintiff serves an offer of settlement that is not accepted within thirty days and the plaintiff recovers a judgment that is at least twenty-five percent greater than the offer, the plaintiff is entitled to recover reasonable attorneys' fees and costs incurred from the date the offer was served.

judgments were the result of a $600,000 statutory cap on Stephen's liability pursuant to section 324.021(9)(b)(3), Florida Statutes (2005).  That section limits a car owner's liability in suits arising out of automobile accidents.  § 324.021(9)(b)(3).

The Saterbos appealed the final judgment to this court, and in the appeal, Markuson filed a motion for appellate attorneys' fees based on his proposal for settlement that had been made to both of the Saterbos.  However, in the motion, Markuson requested an award of appellate attorneys' fees from Erik and his insurer only.  There was no request for appellate attorneys' fees from Stephen.  Ultimately, this court affirmed the final judgment without opinion.  See Saterbo v. Markuson, 177 So. 3d 618 (Fla. 2d DCA 2015) (table decision).  We also granted Markuson's motion for appellate attorneys' fees contingent upon a determination by the trial court that Markuson was entitled to such fees.

Markuson then moved in the trial court to tax appellate attorneys' fees as against Erik and his insurer.  Markuson also sought an award of appellate costs as against both of the Saterbos.  The trial court granted Markuson's request for costs, but it determined that he was not entitled to an award of appellate attorneys' fees as against Erik and his insurer.  The trial court reasoned that Stephen was not solely vicariously liable for the direct claims made against Erik, and as a result, Markuson's joint proposal for settlement failed to strictly comply with Florida Rule of Civil Procedure 1.442.  The trial court also concluded that the proposal was ambiguous and lacked particularity because it failed to account for the fact that Stephen's liability was capped pursuant to section 324.021(9)(b)(3).  The trial court explained that because the proposal offered to settle all claims against both of the Saterbos, including the direct claim against Erik for

- 3 -

which Stephen bore no responsibility, the Saterbos would have had to speculate regarding their exposure due to the statutory cap on Stephen's liability. Thus, according to the trial court, the proposal made it impossible for the Saterbos to make a reasonable and informed decision whether to accept or decline the proposal. It is this order which Markuson has asked us to review.[2]

## II. Analysis

We conduct a de novo review of a trial court's determination of eligibility to receive an award of attorneys' fees under section 768.79, Florida Statutes (2011), and rule 1.442. Pratt v. Weiss, 161 So. 3d 1268, 1271 (Fla. 2015). Both section 768.79 and rule 1.442 must be strictly construed because they are "in derogation of the common law rule that each party is responsible for its own fees." Pratt, 161 So. 3d at 1271.

Joint proposals for settlement are expressly allowed under rule 1.442(c)(3). And while rule 1.442(c)(3) does generally require that joint proposals "state the amount and terms attributable to each party," rule 1.442(c)(4) contains an exception applicable to this case. Specifically, rule 1.442(c)(4) provides in relevant part that "when a party is alleged to be solely vicariously . . . liable, whether by operation of law or by contract, a joint proposal made by or served on such a party need not state the apportionment or contribution as to that party."[3]

---

[2]Markuson has filed a separate appeal of the trial court's order denying Markuson's motion for trial level attorneys' fees, which was also based on Markuson's proposal for settlement. See Markuson v. Saterbo, 2D16-322. That appeal was abated pending the resolution of this case.

[3]Subsection (c)(4) was added in 2010, with an effective date of January 1, 2011. See In re Amendments to Fla. Rules of Civil Procedure, 52 So. 3d 579, 581 (Fla. 2010). Prior to the amendment, rule 1.442(c) had been construed to require apportionment even when one of the parties was simply vicariously liable. See Carey-All Transp., Inc. v. Newby, 989 So. 2d 1201, 1204 (Fla. 2d DCA 2008).

- 4 -

The Saterbos argued that because Stephen's liability was statutorily capped at $600,000, he was not *solely* vicariously liable for the entire amount of damages suffered by Markuson. Thus, they contended that the exception stated in rule 1.442(c)(4) was inapplicable and that Markuson was still required to apportion damages between Erik and Stephen in the joint proposal. The trial court apparently agreed, finding that because Stephen was not vicariously liable for the direct claim against Erik, the proposal failed to appreciate the ambiguity that arose when applying the statutory cap on Stephen's liability. But our interpretation of the rule leads us to a different result. The focus of the exception contained in rule 1.442(c)(4) is not whether a party is liable for the full amount of damages, but rather, it is whether the claims against the party are direct claims or solely claims of vicarious or other forms of indirect[4] liability. The proposal here offered to settle all claims against both Erik and Stephen. Yet the fact remains that the only claim made against Stephen was based on his status as the owner of the vehicle, that is, one solely of vicarious liability. Consequently, apportionment was not necessary pursuant to rule 1.442(c)(4), and Markuson's proposal was sufficient to meet the requirements contained in the rule. See Miley v. Nash, 171 So. 3d 145, 149-50 (Fla. 2d DCA), review denied, 192 So. 3d 40 (Fla. 2015).

The second argument made by the Saterbos—and articulated by the trial court in its order—was that the proposal was ambiguous and lacked particularity thereby making it impossible for the Saterbos to make an informed decision as to whether to accept the proposal. Both the Saterbos and the trial court asserted that the Saterbos would have been left to speculate as to their exposure due to the cap on

---

[4]The rule also provides an exception where a party is alleged to be solely constructively, derivatively, or technically liable.

Stephen's liability. We disagree with this argument as it pertains to Erik, and for the reasons explained herein, we do not address the argument as it pertains to Stephen.

Proposals for settlement must be sufficiently specific so that there are no ambiguities, so that the recipient can fully evaluate the terms and conditions, and so that the proposal can be executed without the need for judicial interpretation. State Farm Mut. Auto. Ins. Co. v. Nichols, 932 So. 2d 1067, 1079 (Fla. 2006). However, the Florida Supreme Court has also recognized that it may not be possible to eliminate all ambiguity and, therefore, that the rule "merely requires that the settlement proposal be sufficiently clear and definite to allow the offeree to make an informed decision without needing clarification." Id.

Here, the proposal offered to settle all claims against Erik and Stephen, but that fact does not make it ambiguous. Only one count was alleged as against both of them. As to Stephen, it was based solely on his status as owner of the car, i.e., one of vicarious liability. However, Erik was jointly and severally liable for the entire negligence claim. It was only the amount of damages that was capped as to Stephen. Further, the Saterbos acknowledge that once they filed their affirmative defense based on the statutory cap, Markuson never "ma[d]e an issue that . . . the statutory cap would not have applied in this circumstance." Thus, even in the absence of an official determination that the cap applied (e.g., through the entry of a summary judgment on the affirmative defense), the parties were apparently aware that section 324.021(9)(b)(3) likely applied to cap Stephen's liability.

The Saterbos argue that Erik needed further clarification "as to what would happen if he were to accept the proposal since Stephen would not be obligated to pay

the full amount of the proposal by statute." But again, it may be "impossible to eliminate all ambiguity," and all that is required is that a proposal is sufficiently clear and definite so as to allow the party served an opportunity to make an informed decision. Nichols, 932 So. 2d at 1079. And, notably, rule 1.442(c)(4) provides that where a joint proposal is made, "[a]cceptance by any party shall be without prejudice to rights of contribution or indemnity." Thus, because Erik was liable for the entire amount of damages and because Stephen would have had the right to seek contribution or indemnity from Erik for any damages that Stephen obligated himself to pay over and above the statutory cap, there is no merit to the Saterbos' argument that the cap on Stephen's liability precluded Erik from making an informed decision. At most, Erik was liable for the entire amount, and at the least, he was liable for the entire amount minus $600,000 that would be owed by Stephen.

Although the trial court seemed to focus on whether *both* of the Saterbos could make independent, informed decisions as to whether to accept the proposal, that analysis appears to have flowed from the trial court's erroneous understanding of the motion before it. The trial court's order states the motion was made against both of the Saterbos, but that is incorrect. The motion was made solely against Erik (and his insurer). Furthermore, while the Saterbos relied on cases that discuss the necessity for multiple offerees to have the ability to independently evaluate and settle their respective claims, those cases are distinguishable because they involved the prior version of rule 1.442(c), which did not permit joint proposals without apportionment. Cf. Pratt, 161 So. 3d at 1270 n.2; Attorneys' Title Ins. Fund v. Gorka, 36 So. 3d 646, 650 (Fla. 2010). But because rule 1.442(c)(4) now permits joint proposals without apportionment where one

party is solely vicariously liable—as in this case—an analysis of whether the proposal was sufficiently unambiguous as to Stephen is unnecessary to resolve the issue of Markuson's entitlement to an award of appellate attorneys' fees from Erik (and his insurer).

## III. Conclusion

Under the unique facts of this case, we conclude that the trial court erred by determining that Markuson was not entitled to an award of appellate attorneys' fees pursuant to section 768.79 and rule 1.442(c) as against Erik and his insurer. We therefore disapprove of the portion of the trial court's order dealing with the attorneys' fees issue, and we remand for the trial court to determine the amount of appellate attorneys' fees. We do not disturb the portion of the trial court's order awarding appellate costs to Markuson.

SILBERMAN and SALARIO, JJ., Concur.