# Third District Court of Appeal

## State of Florida

Opinion filed May 16, 2018.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D16-355
Lower Tribunal No. 10-46125

_____


**Ramon Pacheco, et al.,**
Appellants,

vs.

**R. Randy Gonzalez,**
Appellee.


An Appeal from the Circuit Court for Miami-Dade County, Jerald Bagley, Judge.

Cole, Scott & Kissane, P.A., and Kathryn L. Ender and George R. Truitt; White & Case LLP, and Raoul G. Cantero, for appellants.

Coffey Burlington, P.L., and Jeffrey B. Crockett and Kevin C. Kaplan, for appellee.

Before LAGOA, LOGUE, and SCALES, JJ.


LAGOA, J.

Appellants, Ramon Pachecho ("Pacheco") and Ramon Pacheco and Associates, Inc. (the "Corporation"), appeal the trial court's final judgment for

attorneys' fees in the amount of $232,440 in favor of appellee, R. Randy Gonzalez ("Gonzalez"), based upon a Proposal for Settlement (the "Proposal") served pursuant to section 768.79, Florida Statutes (2011), and Florida Rule of Civil Procedure 1.442. Because the conditional nature of the Proposal divested Pacheco and the Corporation of their ability to independently evaluate and accept the Proposal irrespective of the other party's decision, we hold that the Proposal was invalid under Attorneys' Title Insurance Fund, Inc. v. Gorka, 36 So. 3d 646 (Fla. 2010), and reverse.

I.      FACTUAL AND PROCEDURAL BACKGROUND

On August 24, 2010, Gonzalez filed suit against Pacheco and the Corporation, among others, seeking damages for the defective design of an air conditioning system in his new home. The complaint alleged claims against Pacheco and the Corporation, which the complaint referred to collectively as the "PACHECO Defendants," for breach of contract (Count I), negligence (Count II), and negligent misrepresentation (Count III). On September 27, 2011, Gonzalez served the Proposal on "Defendants RAMON PACHECO and RAMON PACHECO AND ASSOCIATES, INC. (collectively, 'PACHECO DEFENDANTS')" pursuant to rule 1.442 and section 768.79, Florida Statutes. Making no distinction between Pacheco and the Corporation, the Proposal stated that it was made to the "PACHECO DEFENDANTS" and was offered to resolve all claims against the "PACHECO DEFENDANTS." The Proposal stated, in part:

2

4. <u>Total amount of proposal</u>:
The monetary amount of this Proposal is payment by the PACHECO DEFENDANTS to Plaintiff in the total amount of $300,000.00, which shall include payment for all alleged damages of any kind, compensatory, punitive or otherwise, which may be awarded in a final judgment in this action against the PACHECO DEFENDANTS, including costs and prejudgment interest upon the total damages, and is to settle all claims which have been brought or which could have been brought by Plaintiff against the PACHECO DEFENDANTS in the above-styled matter. The payment shall be allocated as follows: $150,000.00 from Defendant RAMON PACHECO, and $150,000.00 from Defendant RAMON PACHECO AND ASSOCIATES, INC.

5. Except as provided herein, Plaintiff and the PACHECO DEFENDANTS will otherwise bear their own respective attorneys' fees and costs.

6. <u>Acceptance of this Proposal</u>: Upon acceptance of this offer by the PACHECO DEFENDANTS, Plaintiff and the PACHECO DEFENDANTS shall authorize their counsel to sign and file a stipulation of voluntary dismissal with prejudice in the form attached hereto as Exhibit "A."

Attached as Exhibit A to the Proposal was a Stipulation of Voluntary Dismissal With Prejudice (the "Stipulation"), stating that the "PACHECO DEFENDANTS dismiss with prejudice all claims, counterclaims and third-party claims that were brought or could have been brought by them in this action" and that "Plaintiff voluntarily dismisses with prejudice all claims that were brought or could have been brought in this action against the PACHECO DEFENDANTS."[1] The Proposal was not accepted.

The matter proceeded to a bench trial. The trial court entered Findings of Fact and Conclusions of Law and held "that both Ramon Pacheco, individually, and Ramon Pacheco and Associates, Inc., are liable to Mr. Gonzales [sic] for the defective system." The trial court further found "[b]oth Pacheco individually and the [Corporation] are responsible pursuant to the Contract" and that Pacheco signed the contract in his own name, without corporate designation. Alternatively, the trial court found both Pacheco and the Corporation responsible under principles of negligence and negligent misrepresentation. Gonzalez appealed to this Court, arguing that the trial court erred in failing to award him loss of use damages. Pacheco and the Corporation cross-appealed, arguing that the trial court erred in holding Pacheco individually liable under the contract and on the negligence counts. This Court reversed and remanded for the trial court to determine loss of use damages, but affirmed the trial court's findings as to Pacheco's individual liability. Gonzalez v. Barrenechea, 170 So. 3d 13 (Fla. 3d DCA 2015).

On remand, the trial court entered a Third Amended Final Judgment Against Ramon Pacheco and Ramon Pacheco and Associates, Inc., ordering that Gonzalez recover from Pacheco and the Corporation, jointly and severally, the amount of $377,019.45. The trial court also entered an Amended Findings of Fact and

---

[1] We note that rule 1.442 does not require that a stipulation of voluntary dismissal or release be attached to a proposal for settlement when served on a party. See State Farm Mut. Auto. Ins. Co. v. Nichols, 932 So. 2d 1067, 1079 (Fla. 2006) (stating that "a summary of the proposed release can be sufficient to satisfy rule 1.442").

4

Conclusions of Law, making the same findings as to liability for Pacheco and the Corporation.

Gonzalez filed a Motion for Attorney's Fees and to Tax Costs, seeking attorney's fees pursuant to section 768.79. Gonzalez argued that he had filed the Proposal "and offered to resolve all outstanding claims against Pacheco Defendants for a settlement payment of $300,000.00 by the Pacheco Defendants to Gonzalez." In a footnote, Gonzalez further stated that "Gonzalez' [sic] offer included the following terms: Ramon Pacheco, individually, and Ramon Pacheco and Associates, Inc., would each pay Gonzalez $150,000.00." Pacheco and the Corporation filed a response to Gonzalez's motion for attorney's fees, arguing that the proposal was facially invalid and unenforceable under rule 1.442 and that Gonzalez was not entitled to fees under section 768.79 because, among other things, the Proposal improperly required acceptance by both Pacheco and the Corporation and failed to provide each with the ability to independently accept the Proposal.

The trial court conducted a hearing on Gonzalez's motion for fees and costs and entered an order finding that Gonzalez was entitled to attorney's fees. The parties stipulated to the amount of fees. The trial court subsequently entered a final judgment for attorney's fees ordering that Gonzalez recover from Pacheco and the Corporation, jointly and severally, the amount of $232,440 in attorney's fees. This appeal followed.

5

II.  STANDARD OF REVIEW

We review de novo a trial court's determination as to eligibility to receive attorney's fees under section 768.79 and rule 1.442.  Pratt v. Weiss, 161 So. 3d 1268, 1271 (Fla. 2015); Miami-Dade County v. Ferrer, 943 So. 2d 288, 290 (Fla. 3d DCA 2006).

III.  ANALYSIS

"Section 768.79, Florida Statutes, governs offers of judgment, and rule 1.442 delineates the procedures that implement this statutory provision." Audiffred v. Arnold, 161 So. 3d 1274, 1277 (Fla. 2015).  The Florida Supreme Court has made clear that Florida courts must strictly construe the statute and the rule as they "are in derogation of the common law rule that each party pay its own fees." Willis Shaw Express, Inc. v. Hilyer Sod, Inc., 849 So. 2d 276, 278 (Fla. 2003); accord Kuhajda v. Borden Dairy Co. of Ala., LLC., 202 So. 3d 391, 394 (Fla. 2016); Pratt, 161 So. 3d at 1271.  Moreover, proposals for settlements made under the rule and statute must "be sufficiently clear and definite to allow the offeree to make an informed decision without needing clarification." State Farm Mut. Auto. Ins. Co. v. Nichols, 932 So. 2d 1067, 1079 (Fla. 2006).  "[A]ny drafting deficiencies [will be] construed against the drafter." Paduru v. Klinkenberg, 157 So. 3d 314, 318 (Fla. 1st DCA 2014).  An extensive body of case law construing proposals for settlements made under these provisions has developed, further narrowing the grounds upon which attorneys' fees may be awarded for a failure to accept a

6

settlement offer.  The instant case, however, is controlled by only one: <u>Attorneys'</u>

<u>Title Insurance Fund, Inc. v. Gorka</u>, 36 So. 3d 646 (Fla. 2010).

<u>Gorka</u> concerned an offer made by a single offeror to two offerees that was

conditioned on mutual acceptance[2] within the context of rule 1.442(c)(3).[3]  The

Florida Supreme Court held that joint offers "conditioned on the mutual acceptance

of all joint offerees" are "invalid and unenforceable because it is conditioned such

that neither offeree can independently evaluate or settle his or her respective claim

by accepting the proposal."  <u>Id.</u> at 647.    In reaching its conclusion, the Florida

Supreme Court explained that:

> we have drawn from the plain language of rule 1.442 the
> principle that to be valid and enforceable a joint offer
> must (1) state the amount and terms attributable to each
> party, and (2) state with particularity any relevant
> conditions.  A review of our precedent reveals that *this*
> *principle inherently requires that an offer of judgment*

---

[2] In <u>Gorka</u>, the defendant, Attorneys' Title Insurance Fund, Inc., served a proposal for settlement on the two plaintiffs, Gorka and Larson, who were husband and wife.  <u>See</u> <u>Attorneys' Title Ins. Fund, Inc. v. Gorka</u>, 989 So. 2d 1210, 1211 (Fla. 2d DCA 2008).  "The proposal offered payment of $12,500 to Gorka and payment of $12,500 to Larson in full settlement of all claimed damages, attorneys' fees, and costs."  <u>Id.</u> at 1212.  The proposal also stated that it was "'conditioned upon the offer being accepted by both John W. Gorka and Laurel Lee Larson.  In other words, the offer can only be accepted if both John W. Gorka and Laurel Lee Larson accept and neither Plaintiff can independently accept the offer without their co-plaintiff joining in the settlement.'"  <u>Id.</u>

[3] Rule 1.442(c)(3) provides: "A proposal may be made by or to any party or parties and by or to any combination of parties properly identified in the proposal. A joint proposal shall state the amount and terms attributable to each party."

7

> *must be structured such that either offeree can independently evaluate and settle his or her respective claim by accepting the proposal irrespective of the other parties' decisions.* Otherwise, a party's exposure to potential consequences from the litigation would be dependently interlocked with the decision of the other offerees.

Id. at 650 (emphasis added) (citation omitted); see also Pratt, 161 So. 3d at 1272 (discussing that the purpose of rule 1.442(c)(3) "is to allow each offeree to evaluate the terms and the amount of the offer as it pertains to him or her" and stating that in Gorka, "[w]e held that the proposal . . . was invalid because the conditional nature of the offer divested each plaintiff of independent control over the decision to settle"); Audiffred, 161 So. 3d at 1279-80. The Court's holding in Gorka was based on the principle that "[a]n offer that cannot be unilaterally accepted to create a binding settlement is an illusory offer." Gorka, 36 So. 3d at 652.

The rule articulated in Gorka has two significant limitations. First, Gorka does not apply to a proposal for settlement made by multiple offerors to a single offeree. As our sister court, the Fourth District Court of Appeal, explained in Hoang Dinh Duong v. Ziadie, 153 So. 3d 354 (Fla. 4th DCA 2014)[4]:

---

[4] In Duong, plaintiffs made a proposal for settlement to a single defendant-offeree. The proposal offered a settlement in the total amount of $1,000,000, with specific amounts of the total allocated to individual plaintiffs. Id. at 356. After trial, the offerors moved for attorney's fees pursuant to the proposal for settlement. The offeree argued that the proposal was invalid under Gorka because it deprived him of the ability to evaluate the offer with respect to each of the offerors. Id. at 357.

Unlike Gorka, which involved an offer to multiple *offerees* conditioned on acceptance of all the offerees, this case involves an offer to a single offeree, conditioned on that single offeree accepting the offer as to all of the multiple *offerors*. . . . [W]here there is only one offeree, it is the offeree's decision alone to accept or reject the proposal, without the decision being dependent on any other party. Thus, Gorka's concern that the offer there "divest[ed] each party [i.e., offeree] of independent control of the decision to settle" was not implicated.

Id. at 359 (emphasis in original); accord Wolfe v. Culpepper Constructors, Inc., 104 So. 3d 1132, 1134-35 (Fla. 2d DCA 2012) (concluding that Gorka did not control where joint proposal was made by two offerors to a single offeree because Gorka involved a single offeror and joint offerees).

The second limitation on Gorka, which Gonzalez asserts applies to the facts of this case, is set forth in rule 1.442(c)(4) and applies to cases involving vicarious liability. Rule 1.442(c)(4) provides:

Notwithstanding subdivision (c)(3) [requiring a joint proposal to state the amount and terms attributable to each party], when a party is alleged to be *solely vicariously, constructively, derivatively, or technically liable*, whether by operation of law or by contract, a joint proposal made by or served on such a party *need not state the apportionment or contribution as to that party*. Acceptance by any party shall be without prejudice to rights of contribution or indemnity.

---

The trial court granted the motion for fees. In affirming the trial court's award of attorney's fees, the Fourth District held that the proposal "was an appropriate 'all or nothing' proposal to which Gorka did not apply," id. at 358, and that there was "no obligation for the claimants in this case to make individual offers to a single offeree," id. at 359.

9

Fla. R. Civ. P. 1.442(c)(4) (emphasis added). Gonzalez argues that because apportionment is not required under subsection (c)(4), the intent of the subsection was to permit "all-or-nothing" offers where a party is alleged to be vicariously liable. Gonzalez further asserts that because the liability of Pacheco and the Corporation was vicarious, the Proposal was valid and enforceable. Rule 1.442 (c)(4), however, does not apply to the facts of this case.

The plain language of rule 1.442(c)(4) limits its application to scenarios where a party's liability is alleged to be solely vicarious or otherwise indirect. Indeed, "[t]he focus of the exception contained in rule 1.442(c)(4) is not whether a party is liable for the full amount of damages, but rather, it is whether the claims against the party are direct claims or solely claims of vicarious or other forms of indirect liability." Saterbo v. Markuson, 210 So. 3d 135, 138 (Fla. 2d DCA 2016) (footnote omitted). Compare Saterbo, 210 So. 3d at 139 (holding that "apportionment was not necessary pursuant to rule 1.442(c)(4)" where claim against one of two offerees was based solely on vicarious liability as owner of vehicle), and Miley v. Nash, 171 So. 3d 145, 150 (holding that no apportionment in joint proposal was necessary under rule 1.442(c)(4) where one of two defendants was sued solely for vicarious liability as vehicle's owner), with Haas Automation, Inc. v. Fox, 43 Fla. L. Weekly D725, D728 (Fla. 3d DCA April 4, 2018) (holding that rule 1.442(c)(4)'s exception to rule 1.442(c)(3)'s apportionment requirement

did not apply where joint offerors did not have indirect liability for their claims against single offeree).

Here, a review of Gonzalez's claims against Pacheco and the Corporation shows that neither "is alleged to be solely vicariously, constructively, derivatively, or technically liable."  Although the complaint refers to Pacheco and the Corporation collectively as the "PACHECO Defendants," and alleges claims against the "PACHECO Defendants" for breach of contract (Count I), negligence (Count II), and negligent misrepresentation (Count III), the complaint does not allege that either party is vicariously liable.  Significantly, after a bench trial, the trial court held "that both Ramon Pacheco, individually, and Ramon Pacheco and Associates, Inc., are liable to Mr. Gonzales [sic] for the defective system."  The trial court further found that "[b]oth Pacheco individually and the [Corporation] are responsible pursuant to the Contract," and that each had breached their duty to properly design the air conditioning system and thus were responsible under principles of negligence and negligent misrepresentation.  In their plenary appeal to this Court, Pacheco and the Corporation specifically argued that the trial court erred in holding Pacheco individually liable under both the contract count and the negligence counts.[5]  This Court rejected that argument and affirmed the trial

_____

[5] An appellate court can take judicial notice of its own files and records.  See Miami Stage Lighting, Inc. v. Budget Rent-A-Car Systems, Inc., 712 So. 2d 1135, 1137 n.2 (Fla. 3d DCA 1998); Buckley v. City of Miami Beach, 559 So. 2d 310, 313 n.1 (Fla. 3d DCA 1990).

11

court's findings.  Gonzalez, 170 So. 3d at 15 n.1; see also id. at 19 (Suarez, J., concurring in part and dissenting in part) (joining "the majority in affirming the trial court's findings as to the architect's liability").

Thus, contrary to Gonzalez's assertion on this appeal that there was "no distinction" between the liability of Pacheco and the Corporation, Gonzalez's complaint alleged that Pacheco and the Corporation were each directly liable, the trial court made findings of fact that Pacheco and the Corporation were each directly liable, and this Court affirmed the trial court's findings in that earlier appeal.  Accordingly, Gonzalez's assertion that rule 1.442(c)(4) applies fails, as the plain language of the rule only applies "when a party is alleged to be solely vicariously, constructively, derivatively, or technically liable, whether by operation of law or by contract."

Turning to the question of whether the Proposal is valid under Gorka, we find the Proposal to be invalid and unenforceable.[6]  The Proposal seeks "payment

---

[6] While Gorka involved a proposal explicitly conditioned on mutual acceptances of joint offerees, we find no logical basis to prevent Gorka from applying to proposals for settlement where the text, though not explicitly requiring mutual acceptance, clearly prevents either offeree from independently evaluating the settlement offer. See, e.g., Chastain v. Chastain, 119 So. 3d 547, 550 (Fla. 1st DCA 2013) (finding the proposal invalid under Gorka where the proposal "did not expressly require joint acceptance," but it was "clear from the proposal in this case that there was one offer in the amount of $5,002 and that the offer . . . was conditioned on joint acceptance"); Schantz v. Sekine, 60 So. 3d 444, 446 (Fla. 1st DCA 2011) ("Although not as direct as the wording of the settlement offer in Gorka, the . . . language [stating that 'Plaintiffs shall execute a general release' and that 'Plaintiffs shall dismiss this case']. . . conditions settlement on Appellants' mutual acceptance of the offer and joint action in accordance with its terms.").

by the PACHECO DEFENDANTS to Plaintiff in the total amount of $300,000.00"

in order to settle Gonzalez's claims. Although the Proposal provides that the

$300,000 offer be apportioned as a $150,000 payment from Pacheco and a

$150,000 payment from the Corporation, it is unclear how much Pacheco or the

Corporation would have to pay if either wanted to settle Gonzalez's claim

individually. As a result, the Proposal is not structured to permit either Pacheco or

the Corporation to "independently evaluate or settle his . . . respective claim by

accepting the proposal." See Gorka, 36 So. 3d at 647. Moreover, the Proposal

clearly conditions settlement on Pacheco and the Corporation's "mutual acceptance

of the offer and joint action in accordance with its terms."[7] See Schantz, 60 So. 3d

at 446. For example, the Proposal requires "acceptance of this offer by the

PACHECO DEFENDANTS," and that the "PACHECO DEFENDANTS shall

authorize their counsel to sign and file a stipulation of voluntary dismissal with

prejudice."[8] Because the Proposal deprived Pacheco and the Corporation of the

---

[7] Gonzalez states in his answer brief that the Stipulation was also drafted "to cover the situation in which the joint offer would be accepted by both defendants." Specifically, the Stipulation provides that the "PACHECO DEFENDANTS dismiss with prejudice all claims, counterclaims and third-party claims that were brought or could have been brought by them in this action" and that "Plaintiff voluntarily dismisses with prejudice all claims that were brought or could have been brought in this action against the PACHECO DEFENDANTS."

[8] Gonzalez's counsel acknowledged at the fee hearing that the Proposal was based on an assumption that both Pacheco and the Corporation would accept the offer:

> We did have [an] apportionment and yes, the form that
> we granted [sic] was on the assumption they both would

13

ability to evaluate and independently act to resolve Gonzalez's claims, the Proposal is invalid under <u>Gorka</u> and cannot form the basis of an award of attorney's fees under section 760.79 and pursuant to rule 1.442.

IV.    <u>CONCLUSION</u>

While "'[p]roposals for settlement are intended to end judicial labor, not create more,'" <u>Nichols</u>, 932 So. 2d at 1079 (quoting <u>Lucas v. Calhoun</u>, 813 So. 2d 971, 973 (Fla. 2d DCA 2002)), the opposite has occurred, and proposals for settlement made under section 768.79 and rule 1.442 have instead generated significant ancillary litigation and case law.  <u>See</u> <u>Paduru</u>, 157 So. 3d at 318 ("[M]any jurists have lamented that the offer of judgment statute has had the unfortunate and unintended consequence of spawning additional litigation, even though the statute was enacted to have exactly the opposite effect.").  Indeed, even in a case where the results obtained at the trial court suggest that fees should be awarded, we remain bound by the principle set forth in <u>Gorka</u>, and as a result, joint proposals have become a trap for the wary and unwary alike.  Justice Polston, in his <u>Gorka</u> dissent, warned that the majority's opinion "effectively eliminates the ability to make joint offers."  <u>Gorka</u>, 36 So. 3d at 654 (Polston, J., dissenting).  Justice Polston's warning proved prescient.  <u>See, e.g.</u>, <u>Schantz</u>, 60 So. 3d at 446

---

accept, but if only one had called us and said "we will accept only on the company or only on the personal," they could have and we would have just changed the signature from plural to singular, so that's not – they had that right under the law.

(invalidating joint offer even where offer apportioned the settlement amount among the parties and stating that "the new rule announced in <u>Gorka</u> . . . we believe, '*effectively eliminates the ability to make joint offers*'" (emphasis added) (quoting <u>Gorka</u>, 36 So. 3d at 654 (Polston, J., dissenting))).  If we were writing on a blank slate, we may have reached a different result than the rule articulated in <u>Gorka</u>.  However, until the law is further clarified or corrected, we caution counsel in our district to avoid joint proposals lest a similar fate befall them.  Accordingly, we reverse the trial court's award of attorney's fees to Gonzalez.

REVERSED.