# SIXTH DISTRICT COURT OF APPEAL
## STATE OF FLORIDA

_____

Case No. 6D2023-2546
Lower Tribunal No. 19-471-CA

_____

HECTOR GUTIERREZ and MARIA RODRIGUEZ,

Appellants,

v.

SECURITY FIRST INSURANCE COMPANY,

Appellee.

_____

Appeal from the Circuit Court for Charlotte County.
Geoffrey H. Gentile, Judge.

March 28, 2025

MIZE, J.

In the proceedings below, Appellee Security First Insurance Company ("Security First"), the defendant, served a joint proposal for settlement on Plaintiffs Hector Gutierrez and Maria Rodriguez (collectively, "Plaintiffs") which could only be accepted by the Plaintiffs jointly and which did not permit each of the Plaintiffs to independently accept or reject the proposal. At the conclusion of the proceedings below, the trial court granted Security First's motion for attorneys' fees and costs based on the proposal for settlement. Plaintiffs now appeal the trial court's final

judgment awarding Security First its attorneys' fees and costs. Because a proposal for settlement from a defendant to multiple plaintiffs that does not allow each of the plaintiffs to independently accept or reject the proposal is invalid under *Attorneys' Title Insurance Fund, Inc. v. Gorka*, 36 So. 3d 646 (Fla. 2010), we reverse the final judgment and remand with instructions to deny the motion for attorneys' fees and costs.

## Background and Procedural History

The Plaintiffs, who are husband and wife, purchased an insurance policy from Security First to insure their home. After allegedly suffering property damage from a hurricane, the Plaintiffs filed a claim with Security First. When Security First denied coverage for the claim, the Plaintiffs sued for breach of contract.

During the litigation, Security First served a proposal for settlement on the Plaintiffs. The proposal offered to settle the case with both Plaintiffs for one aggregate amount. The proposal stated in pertinent part:

> 3. Security First proposes settlement with Plaintiffs, Hector Gutierrez and Maria Rodriguez, in the aggregate amount of $5,000 . . . for full and complete settlement of all claims against Security First [], exclusive of attorney's fees and costs. If accepted, Security First will pay the plaintiffs' reasonable attorney's fees and costs pursuant to Florida Statute 627.428 separate from this Proposal.

> 4. If accepted, the total amount of this proposal will be paid by Security First to Hector Gutierrez and Maria Rodriguez to settle all claims for money damages asserted or that could have been asserted by Hector Gutierrez and Maria Rodriguez against Security First in the

2

above-captioned lawsuit, inclusive of interest and any extra-contractual damages, but exclusive of attorney's fees and costs.

. . . .

6.     If accepted, Hector Gutierrez and Maria Rodriguez will file a notice of voluntary dismissal with prejudice within ten (10) days from the date of acceptance of this proposal.

7.     This Proposal for Settlement shall remain open for a period of thirty (30) days or until withdrawn in writing, whichever occurs first.  Failure by Plaintiffs to timely accept this Proposal for Settlement shall constitute a rejection of this Proposal for Settlement and may result in appropriate sanctions being imposed by the Court upon the Plaintiffs, including costs, expenses and reasonable attorney's fees.

8.     Pursuant to Rule 1.442(c)(2)(B), this proposal resolves Plaintiffs' claim for monetary damages that would otherwise be awarded in a final judgment in the breach of contract action.

The Plaintiffs did not accept the offer within thirty days; thus, it was deemed rejected. *See* Fla. R. Civ. P. 1.442(f)(1).

The case proceeded to trial, and the jury returned a verdict in favor of Security First.  After the trial, Security First filed a "Motion for Determination of Entitlement to Fees and Costs Pursuant to Florida Statutes § 768.79."  In the motion, Security First argued that it was entitled to recover its attorneys' fees and costs under Section 768.79, Florida Statutes, because Security First obtained a judgment of no liability after the Plaintiffs rejected its proposal for settlement.  Plaintiffs filed a response in which they argued that the proposal for settlement was invalid under Florida Supreme Court precedent because it did not apportion an amount offered to each

3

individual plaintiff but instead impermissibly offered only an aggregate amount to both Plaintiffs jointly, thereby depriving each of the Plaintiffs of the ability to independently evaluate and accept or reject the proposal.

The trial court granted Security First's motion. In its order, the trial court found that the Florida Supreme Court's holding in *Gorka* – that a joint proposal for settlement made to multiple plaintiffs that does not allow each plaintiff to independently accept the offer is invalid – had an exception for cases in which the multiple plaintiffs have a close personal or financial relationship. The trial court reasoned that since the Plaintiffs owned their home jointly as husband and wife, had a close personal and financial relationship, and had one unified claim for breach of contract against Security First, they fell within this supposed exception. The Plaintiffs filed a motion for rehearing, which the trial court denied. The parties then stipulated to the amount of reasonable attorneys' fees and costs incurred by Security First, and the trial court entered an agreed final judgment. The Plaintiffs explicitly limited their stipulation to the amount of Security First's fees and costs and maintained their objection to Security First's entitlement to recover fees and costs pursuant to the proposal for settlement. This appeal followed.

4

## Analysis

Proposals for settlement and offers of judgment are governed by Section 768.79, Florida Statutes, and Florida Rule of Civil Procedure 1.442.[1] "[S]ection 768.79 generally creates a right to recover reasonable costs and attorney fees when a party has satisfied the terms of the statute and rule." *Gorka*, 36 So. 3d at 649. "It provides a sanction against a party who unreasonably rejects a settlement offer." *Id.* "Florida Rule of Civil Procedure 1.442 provides the method and means of implementing this right by outlining the required form and content of a proposal for settlement." *Id.* When a proposal for settlement that complies with Section 768.79 and Rule 1.442 is rejected by the party to whom it is offered, an award of attorneys' fees is mandatory. *Anderson v. Hilton Hotels Corp.*, 202 So. 3d 846, 856 (Fla. 2016). However, a proposal for settlement "must strictly conform to these statutory and procedural requirements to entitle the offeror to attorneys' fees because the statute is in derogation of the common law that ordinarily requires each party to pay its own attorneys' fees." *Id.* at 852; *see also Pacheco v. Gonzalez*, 254 So. 3d 527, 531 (Fla. 3d DCA 2018) ("The Florida Supreme Court has made clear that Florida courts must strictly construe the statute and the rule as they are in derogation of the common law

---

[1] While Section 768.79 uses the term "offer of judgment" to refer specifically to a settlement offer made pursuant to the statute by a defendant to a plaintiff or plaintiffs, Rule 1.442 refers to settlement offers made by either a plaintiff or a defendant pursuant to the rule as a "proposal for settlement." This opinion will use the term "proposal for settlement".

rule that each party pay its own fees." (quoting *Willis Shaw Express, Inc. v. Hilyer Sod, Inc.*, 849 So. 2d 276, 278 (Fla. 2003) (internal quotations omitted))). "[P]roposals for settlements made under the rule and statute must be sufficiently clear and definite to allow the offeree to make an informed decision without needing clarification." *Pacheco*, 254 So. 3d at 531 (quoting *State Farm Mut. Auto. Ins. Co. v. Nichols*, 932 So. 2d 1067, 1079 (Fla. 2006) (internal quotations omitted)). "Any drafting deficiencies will be construed against the drafter." *Pacheco*, 254 So. 3d at 531 (quoting *Paduru v. Klinkenberg*, 157 So. 3d 314, 318 (Fla. 1st DCA 2014) (internal alterations omitted)).

In *Gorka*, the Florida Supreme Court expressly held that a joint proposal for settlement made by a defendant to multiple plaintiffs that does not allow each of the plaintiffs to independently accept or reject the proposal is invalid and unenforceable. 36 So. 3d at 651-52. The trial court's belief that the holding of *Gorka* contains an exception for cases in which the multiple plaintiffs to whom the offer is made have a close personal or financial relationship was simply wrong. Indeed, *Gorka* itself concerned plaintiffs that were husband and wife pursuing a single joint claim, and the Florida Supreme Court held that the defendant's joint proposal for settlement

6

served on the married plaintiffs that did not give each of the plaintiffs the independent ability to accept or reject the proposal was invalid.[2]

The plaintiffs in *Gorka* brought a single joint claim against their insurance company. *Id*. at 647-48. Before trial, the insurance company served a proposal for settlement on the plaintiffs which offered each plaintiff $12,500 to settle the claims. *Id*. at 648. However, the offer explicitly stated:

> This offer is conditioned upon the offer being accepted by both [plaintiffs]. In other words, the offer can only be accepted if both [plaintiffs] accept and neither Plaintiff can independently accept the offer without their co-plaintiff joining in the settlement.

*Id*. (emphasis omitted). After the insurance company prevailed at trial, it filed a motion for attorneys' fees and costs pursuant to the proposal for settlement. *Id.* After both the trial court and the Second District concluded that the proposal for settlement was invalid and unenforceable, the insurance company appealed to the Florida Supreme Court. *Id.*

In its decision, the Florida Supreme Court framed the question presented as "whether a joint offer of settlement or judgment that is conditioned on the mutual acceptance of all of the joint offerees is valid and enforceable." *Id.* at 649. In

---

[2] While the Florida Supreme Court's decision in *Gorka* simply stated that the plaintiffs had a "personal relationship," 36 So. 3d at 652, the decision of the Second District that the Florida Supreme Court was reviewing made clear that the plaintiffs were husband and wife. *Attorneys' Title Ins. Fund, Inc. v. Gorka*, 989 So. 2d 1210, 1211 (Fla. 2d DCA 2008), *approved*, 36 So. 3d 646 (Fla. 2010).

answering this question, the Court expressly stated, "We . . . hold that this type of joint offer is invalid and unenforceable because it is conditioned such that neither offeree can independently evaluate or settle his or her respective claim by accepting the proposal." *Id.* at 647.

As support for its holding, the Court recounted its prior jurisprudence concerning Section 768.79 and Rule 1.442 and then summarized the relevant principles to be drawn from its jurisprudence as follows:

> In these cases, we have drawn from the plain language of rule 1.442 the principle that to be valid and enforceable a joint offer must (1) state the amount and terms attributable to each party, and (2) state with particularity any relevant conditions. *See* Fla. R. Civ. P. 1.442(c)(3). A review of our precedent reveals that this principle inherently requires that an offer of judgment must be structured such that either offeree can independently evaluate and settle his or her respective claim by accepting the proposal irrespective of the other parties' decisions. Otherwise, a party's exposure to potential consequences from the litigation would be dependently interlocked with the decision of the other offerees.

*Id.* at 650.

Thus, "when a plaintiff serves a proposal of settlement to multiple defendants, each defendant is entitled to evaluate the proposal and should be able to settle the suit knowing the extent of his or her financial responsibility." *Id.* at 651 (quoting *Gorka*, 989 So. 2d at 1213). "Conversely, a defendant must differentiate an offer of judgment or a proposal of settlement to multiple plaintiffs such that each party can independently evaluate and act upon the offer or proposal." *Gorka*, 36 So. 3d at 651.

8

"[A] proposal that conditions acceptance upon the mutual agreement of both parties and prohibits either party from independently evaluating and accepting the amount offered violates these principles." *Id.*

Importantly, while the Florida Supreme Court did discuss in its opinion plaintiffs that have a "close personal or financial relationship," it did so to note that while the plaintiffs in *Gorka* had a close personal relationship, the rule the Court announced was not limited to situations in which the parties to whom a joint offer is made have a close relationship. *Id.* at 652. The Court stated: "[A]lthough the current case involves only two plaintiffs with a personal relationship, the rule equally applies to scenarios with multiple parties absent a close personal or financial relationship." *Id.* Thus, the Florida Supreme Court made clear that its decision applied both when the parties to whom a joint offer is made have a close personal relationship and when they do not. The Court did not carve out any exception to its holding and it certainly did not create an exception for parties that have a close personal relationship exactly like the relationship the plaintiffs in *Gorka* had.

Lastly, while the proposal for settlement at issue in *Gorka* explicitly stated that the "offer is conditioned upon the offer being accepted by both [plaintiffs]," *id.* at 648, the reasoning the Court employed makes clear that a proposal for settlement is invalid if is structured such that neither plaintiff can independently accept the proposal, even it does not contain explicit language stating that neither plaintiff can

9

independently accept the offer. The Court stated that "an offer of judgment must be structured such that either offeree can independently evaluate and settle his or her respective claim by accepting the proposal irrespective of the other parties' decisions." *Id.* at 650. The Court also stated that "a defendant must differentiate an offer of judgment or a proposal of settlement to multiple plaintiffs such that each party can independently evaluate and act upon the offer or proposal." *Id.* at 651. And indeed, in keeping with the Court's stated reasoning, "the rule set forth in *Gorka* that a joint proposal for settlement must be structured such that each offeree can independently evaluate and settle his or her respective claim irrespective of any other offeree's decision has been applied in the absence of language expressly requiring mutual acceptance." *Atl. Civil, Inc. v. Swift*, 271 So. 3d 21, 25 (Fla. 3d DCA 2018) (citing *Pacheco*, 254 So. 3d 534 n.6 ("[W]e find no logical basis to prevent *Gorka* from applying to proposals for settlement where the text, though not explicitly requiring mutual acceptance, clearly prevents either offeree from independently evaluating the settlement offer."); *Chastain v. Chastain*, 119 So. 3d 547, 550 (Fla. 1st DCA 2013) (applying *Gorka* to invalidate a proposal for settlement that "did not expressly require joint acceptance," but was "clear . . . that there was one offer in the amount of $5,002 and that the offer . . . was conditioned on joint acceptance"); *Schantz v. Sekine*, 60 So. 3d 444, 446 (Fla. 1st DCA 2011) (finding proposal for settlement invalid under *Gorka* where "[a]lthough not as direct as the wording of the

10

settlement offer in *Gorka*, the . . . language [stating that 'Plaintiffs shall execute a general release' and that the proposal 'shall be deemed rejected by the Plaintiffs' if not accepted] . . . conditions settlement on Appellants' mutual acceptance of the offer and joint action in accordance with its terms")).

Turning to the proposal for settlement made by Security First in this case, we review the trial court's order granting Security First's entitlement to attorneys' fees and costs de novo. *See Pratt v. Weiss*, 161 So. 3d 1268, 1271 (Fla. 2015) ("The eligibility to receive attorney's fees and costs pursuant to section 768.79 and rule 1.442 is reviewed de novo."). Applying the Florida Supreme Court's holding in *Gorka*, it is clear that Security First's proposal for settlement was invalid and unenforceable. While the proposal did not explicitly state that neither plaintiff could accept the proposal independently, it was structured such that that was the case. The proposal offered one single, aggregate amount to both Plaintiffs; it did not apportion separate amounts for each Plaintiff. If accepted, the proposal required both Plaintiffs to file a notice of voluntary dismissal. The proposal also stated that "[f]ailure *by Plaintiffs* to timely accept this Proposal for Settlement shall constitute a rejection of this Proposal for Settlement." (emphasis added). Because the proposal was

11

structured such that it could only be accepted by both Plaintiffs jointly, it was invalid and enforceable under *Gorka*.[3]

## Conclusion

In his dissent in *Gorka*, Justice Polston warned that the majority opinion "effectively eliminates the ability to make joint offers" despite the fact that such offers are expressly permitted by Rule 1.442. 36 So. 3d at 654 (Polston, J., dissenting). Since the opinion was released, the First District has stated its belief that Justice Polston was correct. *Schantz*, 60 So. 3d at 446. In cases applying *Gorka*, the Third District has twice cautioned attorneys in that district to avoid joint proposals lest their proposal for settlement ultimately be found invalid. *Atl. Civil*, 271 So. 3d at 26; *Pacheco*, 254 So. 3d at 535. While the criticism of *Gorka* has been substantial, we are nonetheless bound to follow it.

Security First's proposal for settlement was invalid and unenforceable under *Gorka*. The trial court's final judgment awarding attorneys' fees and costs to Security First is reversed, and this case is remanded to the trial court with instructions

---

[3] We note that in 2022, the Legislature amended Section 768.79 to supersede the holding of *Gorka* in the property insurance context. The Legislature added now subsection (6), which states, "For a breach of contract action, a property insurer may make a joint offer of judgment or settlement that is conditioned on the mutual acceptance of all the joint offerees." However, Security First concedes in its Answer Brief that the amended statute does not apply retroactively to its proposal for settlement that was made in 2020.

to deny Security First's Motion for Determination of Entitlement to Fees and Costs Pursuant to Florida Statutes § 768.79.

REVERSED and REMANDED with instructions.

NARDELLA and WHITE, JJ., concur.

Erin M. Berger and Melissa A. Giasi, of Giasi Law, P.A., Tampa, for Appellants.

Loreyn P. Raab and Michael Fox Orr, of Orr | Cook, Jacksonville, for Appellee.

NOT FINAL UNTIL TIME EXPIRES TO FILE MOTION FOR REHEARING
AND DISPOSITION THEREOF IF TIMELY FILED